[No. 1108, January 31, 1906.]

ANDRES CANDELARIA, by His Guardian, AMIGRAN CANDELARIA, Appellee, v. EPIMENIO A. MIERA, Appellant.

SYLLABUS.

Ordinarily, neither the verdict of a jury nor the findings of fact of a trial court will be disturbed in this court when they are supported by any substantial evidence.

Appeal from the district court of Sandoval county, before IRA A. ABBOTT, Associate Justice.     Affirmed.

GEORGE W. PRICHARD, E. V. CHAVES, for appellant.

For all intents and purposes, Pabla Garcia de Mireles, grandmother of plaintiff, was the mother of said minor plaintiff, as the plaintiff's own mother died when he was very young. Pabla died, and in her will, appointed E. A. Miera as guardian of plaintiff.

         Sec. 1439, Compiled Laws of New Mexico
         for 1897.

The probate court of Sandoval county had no right to appoint Emigran Candelaria as guardian of plaintiff, so long as E. A. Miera had the appointment by will, until

A. Candelaria v. **Miera.**

Miera had been properly removed as such guardian, which was never done.

Plaintiff alleges that the defendant received from one Pabla Garcia de Mireles, since deceased, the sum of $1,125.00, for the use of the plaintiff. That plaintiff by said guardian demanded payment from the defendant. Defendant denies each and every allegation of such complaint. Judgment rendered against said defendant for $1,528.43. Defendant appealed. No authorities cited.

SUMMERS BURKHART, for appellee.

Where there is any evidence to sustain the findings of the trial court, sitting as a jury, they will not be disturbed on appeal.

> Dirst v. Morris, 14 Wall. 484; Dooley v. Pease, 180 U. S. 126.

### OPINION OF THE COURT.

PARKER, J. This was an action for money had and received and was tried by the court without a jury by consent of the parties resulting in a judgment against appellant.

This court has frequently held that the findings of a trial court are the equivalent of a verdict of a jury. Zang v. Stover, 2 N. M., 29; Torlina v. Trorlicht, 5 N. M., 148; Lynch v. Grayson, 7 N. M., 26; Gale v. Salas, 11 N. M., 211; Romero v. Coleman, 11 N. M., 533; Rush v. Fletcher, 11 N. M., 555.

Under just what circumstances a verdict of a jury will be disturbed by this court for conflict with the evidence has been variously stated. In some cases the right to do so has been denied when there is any evidence to support it. In others it is said that this court will do so when there is no sufficient evidence to support the verdict. Various other forms of expression appear in the cases. See cases cited above and Waldo v. Beckwith, 1 N. M., 97; Archibeque v. Miera, 1 N. M., 160; Ruhe v. Abreu, 1 N. M., 247; Bedeau v. Baca, 2 N. M., 124; Crolot v. Maloy, 2 N. M., 198; Territory v. Maxwell, 2 N. M., 250; Rodey v. Ins. Co., 3 N. M., 543; Cerf v. Badaraco, 6 N. M., 214; Territory v. Hicks, 6 N. M., 596; Ortiz v. Bank, 78 Pac. 529.

P. Candelaria v. Miera.

Assuming that this court has power, in proper cases, to review and overturn findings of fact or verdicts of juries, and without attempting to classify the cases in which the power may and will be exercised, it is sufficient for the purposes of a decision of this case to state the rule of this court as follows: Ordinarily, neither the verdict of a jury nor the findings of fact of a trial court will be disturbed in this court when they are supported by any substantial evidence.

In view of this rule, it is perfectly apparent, from an inspection of this record, that the appellant can have no relief here.

The findings of the trial court are supported by substantial evidence and will not be disturbed.

The judgment of the lower court should be affirmed, and it is so ordered.

William J. Mills, C. J., John R. McFie, A. J., W. H. Pope, A. J., Edward A. Mann, A. J., concur.

Abbott, A. J., having heard the case below did not participate in this decision.