[No. 1851, December 23, 1916.]

ROTH v. YARA.

### SYLLABUS BY THE COURT.

The verdict of a jury and the judgment rendered thereon
will not be disturbed on appeal, where there is any substan-
tial evidence to support it.

Appeal from District Court, San Miguel County; Leahy,
Judge.

Action between Peter Roth and Tranquilino Yara. From a judgment for the latter, the former appeals. Affirmed.

C. W. G. WARD and GEORGE H. HUNKER, both of Las Vegas, for appellant.

O. A. LARRAZOLO of Las Vegas, for appellee.

### OPINION OF THE · COURT.

PARKER, J.—This is an action in replevin tried in the district court for San Miguel county. The case was tried to a jury and resulted in verdict and judgment in favor of Yara, the appellee. The same case was before us in 1913, and was reversed and remanded for new trial for errors occurring therein. Roth v. Yara, 19 N. M. 8, 140 Pac. 1071.

The principal issue tried to the jury concerned the identity of the horse which both parties hereto claimed to own. The jury found that issue in favor of the appellee, and the first point made by appellant is that the evidence is wholly insufficient to support the verdict. Appellant attempts to take this case out of the general rule, that the verdict of a jury will not be disturbed where there is any substantial evidence to support it, by analyzing the evidence as he sees it and attacking the credibility of certain witnesses for the appellee. He insists that the falsity of appellee's claim to the horse in question is demonstrated by his proof of ownership, by the blotched brand, the age of the animal as shown by the teeth, and the exhibit of the horse itself. There was a conflict of testimony as to the ownership of the horse. The jury inspected the horse and found that it was the property of the appellee. While certain witnesses who testified in behalf of the appellee may not have been entitled to credit, their credibility was a question for the jury. We have held that the jury and trial court are in a much better position to determine the truth of a given fact than is this court on appeal. State v. Graves, 21 N. M. 556, 568, 157 Pac. 160. The rule that, if there is any substantial evi-

dence to support a verdict or judgment, the same will not be disturbed on appeal, must be applied in this case. There is evidence in the record of such substantial nature that it would support a verdict or judgment for either party, and, the jury having found in favor of appellee, the judgment will not be disturbed in this court.

The appellant, on direct examination, testified as to the form and shape of the brand owned by him and used on the animal in question. On cross-examination, the attorney for the appellee attempted to show that the drawing of the brand made by appellant on the hearing in the case at bar was not identical with that made by him on the former trial of this case, and in doing so referred to the drawing which appeared in the transcript of record used in the case on the former appeal, which, no doubt, was a copy of the exhibit made by appellant in that case. The witness was then asked which representation of the brand was the more correct, and objection to the question was made on the ground that the examination was unfair and that it was not shown that the witness had actually made the drawing referred to and appearing in the transcript of record used on appeal. The court then interrogated the witness, and the latter declared that he did not make the actual drawing appearing in the transcript, and the question as to which representation of the brand was the more correct was not answered. The appellant, on redirect examination, then testified that the drawings made by him were not exact reproductions of the brand as it appeared on the animal in question, and explained the meaning of certain answers, concerning the brand, made by him in the former trial. It is evident that the point made by appellant is without merit.

. On the cross-examination of the appellee he was asked if it was not a fact that he had a conversation with Natividad Sandoval de Carrillo about the horse in question at the house of Trinidad Baca, and denied that he had ever talked to her about the matter. The position of the appellant, as shown by the question, was that the appellee and the person named did have a conversation about this horse, at a time not specified, in which appellee made

a statement indicating consciousness of guilt with reference to his possession of the animal in question. In rebuttal, the appellant offered to read to the jury a statement supposed to have been made by Natividad Sandoval de Carrillo at the former trial with reference to this matter. The contents of that alleged statement appear only in the remarks of the court in passing upon the question of law presented. So far as we are able to ascertain, the following question was propounded to that witness on that trial, but no answer was given thereto:

"Q. I will· ask you if the defendant, Tranquilino Yara, ever at any time had a conversation with you in which he said to you that Max Carillo had told him that you had asked about this sorrel horse and that they were afraid that you would get them into trouble about this horse."

In all probability an answer was made to that question, but we cannot determine the question presented in the absence of a record of such an answer, if one was made or given.

The last point made by appellant is that the trial court erred in the admission of certain evidence with reference to damages alleged to have been sustained by appellee. The verdict of the jury was simply to the effect that appellee was the owner and entitled to the possession of the horse. A judgment to that effect was entered. The jury did not assess any damages against appellant, nor were any included in the judgment entered by the court. The question, therefore, as to the alleged erroneous admission of evidence concerning damages, becomes entirely immaterial.

The judgment of the trial court is therefore affirmed; and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.