200 P.2d 366

**FLIPPO v. MARTIN et al.**

**No. 5130.**

Supreme Court of New Mexico.

Nov. 26, 1948.

George L. Reese, Jr., and Don McCormick, both of Carlsbad, for appellants.

Leonard T. May, of Carlsbad, for appellee.

LUJAN, Justice.

The defendants bring before us for review of judgment of the district court of Eddy County awarding the plaintiff $27.00 per week for 550 weeks under the Workmen's Compensation Act of New Mexico for a condition of total permanent disability found by a jury to have resulted from an accidental injury to him arising out of and in the course of his employment as a driller's helper in a well drilling outfit. His employers were William L. Martin and Clayton L. Hurley, a co-partnership doing business as Martin and Hurley Drilling Company. In the claim filed, they were named defendants along with American Employers Insurance Company, the insurer.

At the time of the plaintiff's injury, his employers were engaged in drilling a water well near White City, Eddy County, New Mexico, and had attained a depth of ap-

proximately 800 feet in their drilling operations. From this point, we can best indicate the manner in which plaintiff suffered his injury and the claims made in reference thereto by copying paragraphs 3, 4 and 5 of his Claim for Compensation. They follow:

"No. 3. On February 2, 1947, at about 8:30 o'clock P.M., while in the employ of said employers, plaintiff sustained an accidental injury arising out of and in the course of said employment, as follows: Plaintiff was working in the capacity of driller's helper, sometimes referred to as "tooldresser", and in the said capacity was working with William L. Martin who is one of the employers. At about 8:30 o'clock P.M. of said day it became necessary for said employer to unwind or unreel additional 7/8 inch drill cable from spool of surplus 7/8 inch drill cable and to transfer it over to the drilling spool or drum in order to continue drilling to a greater depth. That at this time said employers were engaged in drilling a well for water for a certain Mr. Jacobs near White's City, Eddy County, New Mexico, and had reached a depth of approximately seven hundred and seventy-five feet in the drilling of said well. The employers were using a Bucyrus Erie Model 24 Spudder, or mechanical drilling machine, in the operation of drilling said well and said machine is of a portable or movable character with its own power for drilling and in operation the said 7/8 inch drill cable travels up and over a pulley or block at the top of a drilling mast and then down into the hole being drilled into the ground. The said employer, William L. Martin, on said occasion caused the machine to take up all the slack in the said 775 feet of 7/8 inch drill cable and made said 7/8 inch drill cable extremely taut and the weight of the 775 feet of said drill cable in the drilling hole put a great amount of strain and tension on the said cable. Said employer, William L. Martin, then tied said cable to a girth or cross-member of the said drilling mast using a piece of old used rope to make the tie and the plaintiff and the said employer then proceeded to unroll the surplus cable to throw the same over a divider to the drilling spool or drum and had about 20 or 25 feet of said cable unrolled when suddenly and without warning the said rope broke and permitted the weight of the 775 feet of drill cable in the drilling hole to pull the loose drill cable into the drilling hole and at this time said drill cable kinked and looped over plaintiff's right ankle and foot and dragged him several feet and over the drilling hole crushing his foot and *anckle* and also injuring him in his hip joint.

"No. 4. As a direct result of said accidental injury plaintiff has been greatly disabled and suffers permanent bodily disability. Plaintiff alleges that the said permanent bodily disability consists of a total

loss of function of the right foot and ankle, great disability to the right knee and right hip joint with a great amount of pain to plaintiff upon movement of any of said joints. Plaintiff states that his right leg and hip have a great amount of atrophy which is and will be permanent.

"No. 5. Plaintiff alleges that the said accident would not have happened but for the negligence of employers in failing to supply reasonable safety devices in general use for protection of the workmen. That the said safety devices that the employers failed to supply which would have prevented this accidental injury were cable or drilling clamps in general use in the drilling industry, and said cable or drilling clamps if they had been so provided and used by the employers would have securely and positively held the said drill cable and so would have prevented the happening of said accidental injury.' Plaintiff alleges that under the terms and provisions of the Workmen's Compensation Act of New Mexico he is entitled to have the compensation he would otherwise be entitled to increased by fifty per centum (50%) by reason of the negligence of the employers as aforesaid."

While admitting that plaintiff's injury was accidental and arose out of and in the course of his employment, the defendants answered denying it was sustained in the manner alleged, that there was any negligence by defendants in the respects claimed, that it was as serious as alleged, or that it had produced total permanent disability. Trial of facts was to a jury which returned special verdicts in favor of the plaintiff. Since these special verdicts clarify the issues, they are set out herein, along with a stipulation in reference to two of them, as follows:

"We, the jury find that the plaintiff is totally and permanently disabled as a result of the accidental injury complained of. Yes.

"We, the jury find the plaintiff has suffered a 100% *per cent* permanent physical disability to his whole body as a result of the accident complained of.

"We, the jury, find that the defendants, or either of them, were negligent in failing to supply reasonable safety devices in general use for the use or protection of the plaintiff."

"Comes now the Plaintiff and the Defendants and stipulate:

"1. In addition to the three special verdicts returned by the Jury, and in addition to the special interrogatories answered by the Jury, all of which are now a part of the record proper, the Jury in this cause returned two other special verdicts in the following language:

"(a) "We, the Jury, find the Plaintiff has suffered a 100% disability of his right

leg from the knee down as a result of the accident complained of.

"(b) "We, the Jury, find the Plaintiff has suffered a 100% disability of his right leg from the hip down as a result of the accident complained of.

"2. The two special verdicts set forth immediately above were not filed at the time they were returned by the Jury upon agreement of counsel.

"3. After returning all the verdicts and the special interrogatories, the Jury was polled on motion of all counsel and stated that it was their intention to find that the Plaintiff had suffered 100% permanent physical disability to his whole body.

"4. An order may be entered herein approving this stipulation and making the two above quotes special verdicts a part of the record proper just as if they had been filed at the time the other three special verdicts had been filed."

The trial court entered an order approving the stipulation of counsel, quoted above, and making the two special verdicts recited in the stipulation a part of the record proper.

Appellants assign three errors, which resolve themselves into the following questions: 1. Whether there is sufficient evidence to support the findings of the jury that the drilling clamp or cable clamp is a safety device for the use or protection of the workman as required by Section 57-907, 1941 Comp.; 2. Whether it is in general use as a safety device for the use and protection of workmen in the water well drilling industry in Southeastern New Mexico; 3. Whether the defendants had knowledge of the existence of the same and that it was practicable and adapted for use on the machine of defendants; 4. Whether they negligently failed to supply the same; 5. Whether the failure of the defendants to use this clamp was the proximate cause of Plaintiffs' injury; 6. Whether the failure to use a safety device by the defendants entitled plaintiff to an increase of 50% under the Act; 7. and whether plaintiff is totally and permanently disabled as a result of the accidental injury.

■ It has been repeatedly stated by this court that the findings of a trial court or the verdict of a jury, when supported by substantial evidence, will not be disturbed upon appeal. Roth v. Yara, 22 N. M. 361, 161 P. 1183; Candelaria v. Miera, 13 N.M. 360, 84 P. 1020.

■■ It will serve no useful purpose to quote the evidence on these points; suffice it to say that we have painstakingly read the record in order to ascertain whether there is substantial evidence to support the jury's verdict, and we are of the opinion that there was ample evidence submitted on these questions, which fully justified its verdict.

It is not intended by this opinion to approve an instruction given by the trial court that an employer must have knowledge of a safety appliance in general use in an industry before he is liable for the statutory penalty for failure to furnish such device.

Finding no reversible error, the judgment will be affirmed and the cause remanded, with direction to the District Court to enter judgment against the surety on appellant's supersedeas bond, and to enforce the same. An additional attorney's fee of $750.00 is hereby fixed and allowed appellee for and on account of the appeal. It is so ordered.

We concur:

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.