299 P.2d 462

Milnor A. RUDOLPH, Plaintiff,
Ivan Davis and Charles Mayfield,
Interveners,

v.

Everet V. GUY, Defendant, Cross-Complainant and Appellee,

O. C. McCallister, Defendant, Cross-Defendant and Appellant.

No. 6070.

Supreme Court of New Mexico.

June 22, 1956.

Rehearing Denied Aug. 10, 1956.

Marron & McRae, Joseph Phil Click, Albuquerque, for appellant.

Hannett, Hannett & Cornish, Albuquerque, for appellee.

COMPTON, Chief Justice.

This appeal is from a judgment awarding damages for breach of contract. Cross-complainant Guy and cross-defendant McCallister only are involved.

Initially, plaintiff Rudolph filed suit against both Guy and McCallister on an account. McCallister joined issue; Guy, after making certain admissions, cross-claimed against McCallister, in which he alleges that McCallister agreed to sell him three trucks for a consideration of $26,250 on time and to finance him in the performance of a certain contract with the Atomic Energy Commission at Los Alamos, New Mexico. The trial court awarded damages of $12,076 on Guy's cross-claim, from which cross-defendant appeals.

Appellant first challenges the sufficiency of the evidence to support the finding that McCallister agreed to finance the contract. This contention must be rejected. There was evidence that Guy was awarded a contract by the Atomic Energy Commission to deliver 7,500 cubic yards of fertilizer at a price of $3.50 per cubic yard. Relying on the contract, Guy engaged fertilizer from plaintiff, Milnor Rudolph, and others. Being without sufficient funds and equipment,

he contacted McCallister of the McCallister Auto Company, with whom he signed a purchase order for three trucks and one passenger car to be used by him in the performance of the contract. He executed notes therefor and chattel mortgages securing the purchase price. Guy offered to assign the contract which he had with the government as additional security and to secure money to be advanced him by McCallister, but found that it could not be so assigned. Guy, McCallister and McCallister's attorney discussed the amount necessary to handle and finance the contract. McCallister thought $3,000 was sufficient. Guy was of the opinion it would require $5,000 but McCallister's attorney thought they should arrange for $10,000. So the latter sum was acceptable to all. They went to a local bank in Albuquerque where Guy executed a note to the bank for $10,000, which was endorsed by McCallister. As additional collateral, the contract was assigned to the bank and the bank immediately advanced $3,000, which was placed to McCallister's account and used in the performance of the contract. Guy testified that McCallister stated to him "that he would finance it, that he would not have to have payment on the trucks for forty days" and that the balance of $7,000 would be available to Guy when needed. This evidence being substantial, we will not concern ourselves with the quantum. Thereafter, McCallister refused to finance the balance and the Atomic Energy Commission cancelled Guy's contract. Meanwhile, Guy had become indebted to Rudolph for fertilizer in amount of $400. He had also become indebted to intervener Davis for trucking in amount of $1,676. This evidence is ample to sustain the finding.

█ Following a controversy between the parties here involved, McCallister took the government contract over and sought to perform it. He rented equipment, hired all personnel, and exercised exclusive control of the employees. He now claims that he advanced the sum of $4,234.17 of his own money in its performance and that the court erred in failing to allow an offset of this amount. It is sufficient to say the trial court heard the testimony, pro and con, and found against McCallister in this regard. The finding that McCallister breached his contract, settles this point.

█ The trial court based its finding and judgment as to the item of $10,000 loss of profit principally on the testimony of Guy. He testified that he would have made a profit of $10,000 if McCallister had not breached the contract. It is urged that this evidence forms no basis as a measure of damages. We cannot agree. Not only were the claimed damages of the kind and character susceptible of proof, but the amount allowed was subject to reasonable ascertainment. Guy testified from his knowledge of this type of operation as to the cost of fertilizer, the delivery price, etc., consequently, proof of damages was certain. Uncertainty as to the amount of damages does not preclude recovery.

287

Nichols v. Anderson, 43 N.M. 296, 92 P.2d 781.

Assigned as error is the refusal of the court to adopt certain requested findings. The rule is well established that where the findings made are supported by substantial evidence, error is not to be found in the refusal of the court to make findings to the contrary. Rasmussen v. Martin, 60 N.M. 180, 289 P.2d 327.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.