335 P.2d 858

**FRANK BOND & SON, INC., a corporation, Plaintiff-Appellee and Cross-Appellant,**

v.

**RESERVE MINERALS CORPORATION, a corporation, Defendant-Appellant and Cross-Appellee.**

No. 6452.

Supreme Court of New Mexico.

Feb. 16, 1959.

Iden & Johnson, Richard G. Cooper, Albuquerque, for appellee and cross-appellant.

Bigbee & Stephenson, Santiago E. Campos, Santa Fe, for appellant and cross-appellee.

CARMODY, Justice.

This is a case involving a question of damages by the wrongful removal of water from a stock tank, the plaintiff-appellee seeking damages for the value of the water taken and damages to their stock-raising activities in the sum of $6,940 and punitive damages in the sum of $2,000. The case was tried before a jury in Sandoval County and the jury awarded a verdict of $4,900 actual damages and $1,000 punitive damages. Appellant moved to set aside the verdict and alternatively for a new trial. A judgment based upon the verdict was entered, followed shortly thereafter by an order denying appellant's motion and directing a remittitur in the sum of $1,400. The appellant appeals and the plaintiff-appellee cross appeals.

We will first dispose of the points relied upon by defendant-appellant, whose first claim of error relates to the question of whether or not there was substantial evidence to support the verdict, basically the question of proof of damages.

It would appear that there was no direct, positive evidence as to the exact amount of water taken, but there was evidence of taking some water (in fact, the appellant admits this), and the jury, we believe, from the evidence could arrive at the approxi-

mate amount of water taken based upon the number of core drilling holes drilled by the appellant in the immediate vicinity, the number of drilling rigs operating, the days of operation, the amount of water needed per day for each rig, and the number and capacity of water trucks used. There was also testimony as to a means of computing the value of the water taken, and the difficulties and loss caused to the stock-raising activities of the appellee occasioned by the fact that there was a reduced amount of water available, from all of which the jury could arrive at the amount of damages without engaging in speculation.

■ It is the rule in New Mexico, and in practically all jurisdictions, that while a plaintiff must show with reasonable certainty that he has suffered damages by reason of the wrongful act of the defendant, once the cause and the existence of damages have been so established, recovery will not be denied because the damages are difficult of ascertainment. Nichols v. Anderson, 1939, 43 N.M. 296, 92 P.2d 781; Pendergrass v. Lovelace, 1953, 57 N.M. 661, 262 P.2d 231; Young v. New Mexico Broadcasting Co., 1956, 60 N.M. 475, 292 P.2d 776; Rudolph v. Guy, 1956, 61 N.M. 284, 299 P.2d 462; Mountain States Tel. & Tel. Co. v. Hinchcliffe, 10 Cir., 1953, 204 F.2d 381; Stern v. Dunlap Co., 10 Cir., 1955, 228 F.2d 939, 943. This latter case, the opinion by Chief Judge Bratton, states the rule clearly and concisely, as follows:

"Recovery of damages cannot be had if there is uncertainty as to whether the rights of the complainant have been invaded. But damages may be awarded where there is no uncertainty as to whether the rights of plaintiff were invaded, even though there may be some uncertainty respecting the amount of damages sustained. * * * It is enough if the evidence adduced is sufficient to enable the court or jury, as the case may be, to make a fair and reasonable approximation. (Citations.)"

Appellant contends that the rule in Stevens v. Mitchell, 1947, 51 N.M. 411, 186 P.2d 386, is applicable to this case. However, we do not feel that the case is authority, for the reason that in that case there was almost a complete lack of showing of actual loss and resultant damages, whereas here there is definite proof of both, even though the damages may not be determined with mathematical precision.

■■ Appellant next contends that certain remarks made by counsel for the appellee in summation were prejudicial. The substance of these claimed remarks was set out in appellant's motion for a new trial, but nowhere in the transcript do the remarks appear. Appellant admits that

the trial court sustained objection to the remarks when made and instructed the jury to disregard the same, but, here again, unfortunately, there is nothing in the record before us. Appellant did not move for a mistrial. Therefore, at the outset, we are faced with the general rule that this court will not pass upon matters which are not properly presented by the record. It was said in Davis & Carruth v. Valley Mercantile & Banking Co., 1928, 33 N.M. 295, 265 P. 35, 37:

"It has frequently been decided that, where alleged improper remarks of counsel are not embraced in the bill of exceptions, they cannot be considered on appeal."

Immediately following the above quoted statement, illustrations of the rule are set out. It is not necessary to repeat them all here, and two of them should suffice as to the matter directly involved:

" '(Ill.1910) Where a party desires to raise for review the propriety of remarks of counsel in argument to the jury, the court must certify by bill of exceptions what the remarks were, and not incorporate in lieu thereof in the bill of exceptions an affidavit of opposing counsel as to what they were. Chicago, B. & Q. R. Co. v. F. Reisch & Bros., 247 Ill. 350, 93 N.E. 383.' "

" 'In Aetitis v. Spring Valley Coal Co., 150 Ill.App. 497, it was decided that a complaint of the remarks of counsel to be properly urged should show, not disconnected sentences objected to, but the entire context should be preserved, in order that a fair consideration of the propriety of such remarks may be made. So in the case at bar we find the record insufficient to invoke a ruling.' "

See, also, Rival v. Atchison, T. & S. F. Ry. Co., 1957, 62 N.M. 159, 306 P.2d 648; also, Annotations, 32 A.L.R.2d 9, 33 A.L.R. 2d 442, and 45 A.L.R.2d 303 (relating to arguments in criminal cases).

Therefore, it follows that the appellant may not rely upon this claim of error, if error it was. It should, of course, be noted that this court in no wise condones any attempt by counsel to influence a jury by appealing to their bias or sympathy as to matters outside of the record, but here we not only do not have the arguments to the jury but only purported isolated sentences therefrom, and in addition the trial court sustained appellant's objection to the alleged remarks and instructed the jury to disregard them, and we must rely upon the trial court not to have abused its discretion when there is no showing to the contrary. Also, it should be mentioned that the verdict itself does not indicate prejudice or passion.

Appellant's next claim of error relates to the failure of the trial court to

give two requested instructions. These instructions, without setting them out in full, relate to whether or not the waters taken by the appellant were public or private waters. The trial court refused to grant the instructions as submitted as not applicable to this case by reason of the provisions of § 75-8-3, New Mexico Statutes 1953 Annotated:

"This article shall not be construed to apply to stockmen or stock owners who may build or construct water tanks or ponds for the purpose of watering stock which have a capacity of ten [10] acre-feet of water or less."

The testimony was uncontradicted that the two stock tanks in question each had a capacity of less than ten acre feet. Therefore, it follows that the trial court properly refused to give the requested instructions.

Appellant also contends that the trial court erred in submitting to the jury the question of damages based upon the market value of the water taken *and* damage to appellee's stock-raising activities. Appellant relies strongly on Hagerman Irrigation Co. v. McMurry, 1911, 16 N.M. 172, 113 P. 823. However, the above case held that, in addition to there being no evidence of the value of the water itself, the plaintiff had failed to prove by clear evidence that it had been monetarily damaged by reason of its failure to keep agreements with farmers who were dependent upon the company for water. Therefore, this case does not seem to be analogous here.

We believe that the proper rule is that as announced in Restatement of the Law, Torts, Vol. IV, page 647, § 927:

"Where a person is entitled to a judgment for the conversion of a chattel or the destruction of any legally protected interest in land or other thing, the damages include

(a) the exchange value of the subject matter or the plaintiff's interest therein at the time and place of the conversion or destruction, or a different value where that is necessary to give just compensation, and

(b) the amount of any further loss suffered as the result of the deprivation, and

(c) interest from the time at which the value is fixed or compensation for the loss of use."

In this case, the appellee had reduced the water to possession by artificial means, and therefore appellant may be held responsible not only for the value of the water taken but also for the damage suffered by appellee by reason of the expenses and costs due to the loss of the water, such as having to move cattle from the range or having to use other range

for the cattle when otherwise, if the water had not been taken, this additional expense would not have had to have been incurred. Here, again, we find appellant's contention without merit.

Appellant lastly contends that the judgment should be reduced to include only nominal damages, and the punitive damages be reduced consistently therewith. This claim has already been answered hereinabove and no further response need be made.

Turning now to the appellee's cross-appeal, the parties will continue to be referred to in the same way as above: thusly, cross-appellant as appellee and cross-appellee as appellant.

For the purpose of clarity, after the verdicts, the appellant filed its motion for a directed verdict or in the alternative for a new trial. Thereafter, a judgment was entered for the total amount of the verdict. Approximately two weeks after this, there was a hearing upon appellant's motion, and as a result the court entered the following order:

"The matter of defendant's motion to set aside the verdict of the jury and to enter judgment notwithstanding the verdict and in the alternative for a new trial coming on for argument before the court, and counsel for the plaintiff and counsel for the defendant being present, and the court having heard the arguments of counsel and having considered the motion, the evidence at the trial and the pleadings and instructions in the above entitled cause, finds that said motion should be denied.

"It Is, Therefore Ordered that the motion of the defendant, Reserve Minerals Corporation, a corporation, for judgment notwithstanding the verdict and in the alternative motion for a new trial be, and the same are hereby denied and overruled.

"The court being, however, of the opinion that the amount of the verdict is excessive, finds that a remittitur should be ordered.

"It Is, Therefore, Further Ordered that a remittitur in the amount of $1,400.00 be made, leaving the verdict and judgment in favor of the plaintiff, Frank Bond & Son, Inc., a corporation, in the amount of $4,500.00, plus costs and interest.

"Defendant objects and excepts to the court's order denying its motion for judgment notwithstanding the verdict and in the alternative for a new trial, and plaintiff objects and excepts to the court's order of remittitur."

On this basis, appellee claims error that such an order cannot be made by the trial court without making the same conditional, that the remittitur will be required or in the alternative a new trial granted. This

263

contention is absolutely sound and appellant really finds no fault with appellee's contention, the only basic disagreement being that the appellee seeks to have this court completely set aside the aforementioned order and reinstate the original judgment, whereas the appellant contends that this court should remand the case for the entry of a proper order of remittitur.

The general rule is, as stated by both counsel, that the court cannot reduce the verdict of the jury in an action for unliquidated damages and render a judgment for a lesser amount unless the party in whose favor the judgment was rendered consents to the reduction. Henderson v. Dreyfus, 1919, 26 N.M. 541, at page 548, 191 P. 442, at page 445; 25 C.J.S. Damages § 201, p. 994; 53 A.L.R. 779; 95 A.L.R. 1163. This being the situation, the ruling must be that the trial court erred in entering its order granting the remittitur without the same being in the alternative. However, this court has before it a determination by the trial court that the verdict was excessive, and in view of this, in the interest of granting substantial justice, we feel that there is ample authority to warrant a remand to the trial court for correction of this error. See Gwathmey v. Foor Hotel Co., 1922, 121 S.C. 237, 113 S.E. 688; Barber v. Maden, 1905, 126 Iowa 402, 102 N.W. 120; and Bucher v. Krause, 7 Cir., 1952, 200 F.2d 576.

Therefore, the case will be affirmed insofar as the basic appeal is concerned, but will be reversed and remanded to the trial court on appellee's cross-appeal with direction that it enter a new judgment granting the remittitur as heretofore ordered, or in the alternative, if the same is not accepted by the appellee within twenty days, to order a new trial; and It Is So Ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, J., not participating.