335 P.2d 1063

E. E. HUBBARD, Plaintiff-Appellant,

v.

J. C. GOODE, J. F. Hair, R. P. Russell and Lee Naylor, Defendants-Appellees.

No. 6383.

Supreme Court of New Mexico.

Feb. 23, 1959.

M. W. Hamilton, Santa Fe, for appellant.

Smith & Kiker, John M. Lenko, Albuquerque, for appellees.

COMPTON, Justice.

Appellant, plaintiff below, instituted this proceeding for the recovery of certain drilling equipment, damages for its detention, and for injunctive relief. Issue was joined, and by counter-claim, appellees, Hair and Russell, sought damages as a result of being dispossessed of the equipment by appellant pendente lite. The trial court found generally for appellees and from an adverse judgment, appellant prosecutes an appeal to this court.

Previously appellant had leased the equipment to one J. C. Goode, the terms of the lease reading:

"This Lease Agreement, made and entered into this 14th day of January, 1955, by and between E. E. Hubbard, Lessor, hereinafter referred to as Hubbard, and J. C. Goode, Lessee, hereinafter referred to as Goode,

"Witnesseth:

"Hubbard agrees to lease to Goode, the following described property:

"One 1952 L–185 International Truck with a Mayhew 1000 Rig. Motor #RD450–18525

"One 1953 Chevrolet 2 Ton truck with water tank, Motor #LEA238153 Serial #SWt3K014415

"upon the following terms and conditions:

"1. From month to month for a term of one year, commencing on the 15th day of January, 1956, to and including the 14th day of January, 1957, reserving unto Hubbard, advance rental of $900.00, payable monthly on the 15th of each month at the 1st Security Bank of Moab, Utah.

"2. Goode shall have an option to purchase the above described property for the purchase price of $15,000.00, said option to be exercised on or before the 15th day of October, 1956. Upon Goode exercising his option to purchase herein the purchase price of $15,000.00 shall be reduced by 90% of the rentals paid hereunder.

"3. Goode agrees to cover the above property with fire insurance and extended coverage and said policies will show loss payable to Hubbard. Goode agrees to indemnify and hold harmless Hubbard of and from any and all liability, or claims of liability arising out of or connected with the use of this property or any part thereof, and shall do this by having the *propert* liability insurance.

"4. Upon the non-compliance with the terms of this lease, Hubbard may declare this lease null and void Thirty (30) days from the date of the non-compliance.

"5. Goode shall pay all taxes, licenses and other fees to be taxed on the property.

"In Witness Whereof, we have hereunto set our hands and seals this *14th* day of January, 1956.

"(Sgd) E. E. Hubbard

"(Sgd) J. C. Goode                "

On March 10, 1956, Goode assigned the lease to appellees, Hair and Russell, and one Naylor; Naylor thereafter reassigned his interest to appellees. Shortly after appellees took possession, they commenced core drilling operations. When appellant learned of the assignment, he demanded possession of the equipment, which was refused. He made the further claim that appellees were in default. While the case was pending, appellant, without the knowledge or consent of appellees, took possession and removed the equipment from the state and refused to return it, though ordered by the court to do so.

The principal question on appeal is whether the lease was assignable, appellant contending that it was non-assignable without his consent, since "the equipment covered by the lease sale agreement here involved was of a highly specialized nature and required special skill for its operation, that appellant relied upon the experience and ability of the defendant Goode."

■ The refusal of appellant's tender of proof on this issue is made a point for a reversal of the judgment. The argument can not be sustained. Such restrictions or limitations as would render a lease non-assignable must appear from the written agreement itself. Of course there are exceptions to the rule, for instance, where the act to be performed is personal in its character, one to be done by the person named only, or where personal confidence may be inferred as the basis of the agreement. Walters v. United States Fidelity & Guaranty Co., 35 N.M. 4, 288 P. 1044; Folquet v. Woodburn Public Schools, 146 Or. 339, 29 P.2d 554; 2 Elliott (Contracts) § 1436. Turning to the lease, we find nothing therein to indicate that it was limited to the parties thereto, or to distinguish it from the ordinary lease transaction.

■ There was a finding that appellees had complied with all the terms of the lease, both at the time the action was instituted and when appellant repossessed the equipment, and that as a result, appellees had sustained damages in amount of $3,000, the consideration paid for the lease, $840 expended by appellees in enlarging and remodeling the equipment, and $3,000 as loss of profit by being deprived of its use. This finding is strongly challenged, but we think the finding has ample support. There is evidence that appellees complied with all the provisions of the lease; that they paid Goode $3,000 for the . assignment and that they enlarged and remodeled the drilling rig so as to better use it in their drilling activities.

Appellees were engaged in drilling wells and had contracted with two drilling companies to do extensive drilling for them, and the breach by appellant of the agreement deprived them of the opportunity to fulfill their contract. Appellees testified as to the number of wells to be drilled, etc. and the profit from each well. While the loss was not established with exactness, loss of profit was established with reasonable certainty and that was a sufficient basis to measure the damages. Where it is certain that damages have resulted, mere uncertainty as to the amount will not preclude the right of recovery. Wofford v. Rudick, 63 N.M. 307, 318 P.2d 605; Nichols v. Anderson, 43 N.M. 296, 92 P.2d 781; Gonzales v. Rivera, 37 N.M. 562, 25 P.2d 802; Stern v. Dunlap Co., 10 Cir., 228 F.2d 939; Stott v. Johnston, 36 Cal.2d 864, 229 P.2d 348, 28 A.L.R.2d 580.

It is asserted that remodeling the drilling rig did not afford a basis for damages; the claim being that appellees did this on their own accord. This theory cannot be sustained as this loss was a direct result of appellant's wrongful act. The court merely reimbursed appellees for the loss caused by the breach. 32 Am. Jur. (Landlord & Tenant) § 267, expresses the rule in this respect thusly:

"In addition to the value of the unexpired term or lost profits, the tenant may recover compensation for any other loss which results to him as a direct and natural consequence of the landlord's wrongful act, and which is not attributable to his own fault or want of care. * * *"

The judgment will be affirmed. It is so ordered.

LUJAN, C. J., and SADLER and McGHEE, JJ., concur.

CARMODY, J., not participating.