355 P.2d 137

Richard D. BOKUM II, Plaintiff-Appellee,

v.

Lawrence ELKINS, D. J. Elkins, Lynn Seward and C. O. Butler, Defendants-Appellants.

No. 6678.

Supreme Court of New Mexico.

Aug. 31, 1960.

John E. Perry, Gallup, for appellants.

Lyle E. Teutsch, Jr., Thomas A. Donnelly, Santa Fe, for appellee.

CHAVEZ, Justice.

This is an appeal by defendants-appellants from a judgment rendered against them pursuant to a jury verdict.

The facts briefly stated are as follows. Appellants, Lawrence Elkins and D. J. Elkins, originally filed injunction proceedings against appellees, Bokum, Jack Garrett and William Coffey, in a separate action in McKinley County, New Mexico. A temporary restraining order was entered on November 28, 1955, enjoining Bokum from entering the Elkins' land which surrounds Section 16, Township 14 North, Range 12 West, N.M.P.M. Bokum filed a response, alleging the existence of a long established road through Section 17 to Section 16, and that a right-of-way across said Section 17 had been reserved in a deed from Elkins' predecessors in title, and that such reserved right had been assigned to Bokum. Bokum claimed damages due to Elkins' interference with his use of the right-of-way and for the alleged unlawful issuance of the injunction order based upon Elkins' unjustified complaint. The hearing on the injunction suit was set for December 20, 1955, and after a hearing an order was entered on January 9, 1956, continuing the restraining order until final hearing of said cause.

The trial court rendered its decision, holding that said Section 16 is owned by the State of New Mexico, that the State had leased said section to Sabre Uranium Corporation, and that the State of New Mexico and its lessees have an implied right-of-way over the surface of Elkins' land for the purpose of going upon, exploring and removing minerals from said Section 16. The trial court dissolved the injunction and ordered that Bokum's claim for damages be dismissed without prejudice, with leave to file a separate suit for any damages on the injunction suit or otherwise.

Thereafter, appellee, Bokum, filed this suit. Appellants, Elkins, are the owners of the land surrounding Section 16 above described, and appellants, Seward and Butler, were the sureties on the injunction bond. Appellee's first cause of action was for malicious prosecution and prayed damages in the sum of $2,025.80. Said count also alleged that Seward and Butler were the sureties on the injunction bond. It was stipulated by the parties, as to the injunction bond, that appellee should have judgment against appellants, Seward and Butler, without offering any evidence, in the sum of $500 and costs of suit. In his second count, appellee claimed damages alleging that he had an option agreement with Sabre Uranium Corporation dated August 22, 1955, under the terms of which he had the right to acquire a one-half working interest in said Section 16 by performing a minimum of 15,000 feet of rotary drilling thereon, and to have the same performed within 120 days from August 22, 1955. Appellee further alleged that due to appellants Elkins' action in wrongfully obtaining the injunction order, and in interfering with his attempt to explore and develop minerals on said Section 16, that he lost said option. Appellee prayed damages for the loss of said option and for punitive damages. The jury allowed no punitive damages but did allow appellee compensatory damages in the sum of $8,360, together with costs of $33.50.

Appellee commenced drilling on Section 16 about November 22, 1955, and appellants, Elkins, obtained the restraining order on November 28, 1955. The hearing on the restraining order was set for December 20, 1955, and the expiration date on appellee's option was December 22, 1955.

Appellants assign fourteen assignments of error, seven of which are summarized and argued under one general assignment of error as follows:

"That there is no competent evidence that appellee suffered any legal damages for the loss of the option."

Appellants cite some of our decisions that a finding, or verdict of the jury, may not rest on mere speculation and conjecture. Petrakis v. Krasnow, 54 N.M. 39, 213 P.2d 220, and our holdings as to loss of profits,

Price v. Van Lint, 46 N.M. 58, 120 P.2d 611. The rule is unquestioned that the evidence must show damages to a reasonable certainty. Connecticut Railway & Lighting Co. v. Palmer, 305 U.S. 493, 59 S.Ct. 316, 39 L.Ed. 309.

■ With the above authorities we have no quarrel. Both parties argue at length in their briefs as to appellants' claim that there was no evidence that appellee suffered any legal damages for the loss of the option. We have reviewed the record and find that appellee showed with reasonable certainty that he had suffered damages. Thus, it was for the jury to allow such damages as they felt directly and naturally resulted from the injury. Once it is found that a legal right to damages exists, computation of the amount with absolute certainty is not required. Hubbard v. Goode, 65 N.M. 263, 335 P.2d 1063; Frank Bond & Son, Inc. v. Reserve Minerals Corp., 65 N.M. 257, 335 P.2d 858; Robert E. McKee General Contractor, Inc. v. Insurance Co., 10 Cir., 269 F.2d 195.

■ Appellants' point II is that there is no competent evidence in the record establishing a cause of action for malicious prosecution. This general assignment of error and arguments cover five additional assignments of error. Under this point, appellants argue that the trial court committed error in refusing to grant appellants' requested instruction No. 2, as follows:

"Probable cause for the commencement of the lawsuit consists of facts and circumstances warranting a reasonable man in the honest belief that his action is just and legal. Want of probable cause is not to be inferred from the fact that the Defendants in this cause lost their prior injunction action nor is it to be inferred from the evidence of malice if you should find the prior action was commenced maliciously."

The trial court, in its instruction to the jury, set out specifically the elements of "malicious prosecution" and among the elements set out are: "(d) the absence of probable cause for such proceedings, (e) the presence of malice," and then gave the following instructions:

"The Court further instructs the Jury that one who initiates a court proceeding against another has probable cause for so doing if he reasonably believes in the existence of the facts upon which his claim is based and reasonably believes that under such facts the claim he asserts may be valid in law, or so believes in reliance upon the advice of counsel given to him after such advice has been sought in good faith and after a full disclosure to such counsel of the pertinent and material facts within the knowledge and information of the person or persons who instituted such original action

claimed to have been a malicious prosecution."

"The Court instructs the Jury that where the Defendant, or Defendants, act in good faith, on the advice of counsel properly secured, in instituting or continuing the original litigation, such Defendant is relieved from liability no matter how mistaken the advice of counsel may have been."

" * * * or if you find and believe from a preponderance of the evidence that the Defendants, or either of them commenced or continued an original civil judicial proceeding in the District Court of McKinley County against Bokum the Plaintiff in this case, that said original civil proceeding was ultimately terminated in favor of Bokum, that the Defendants were without probable cause to maintain or to continue said civil action and that said action was instituted or continued in malice on the part of the Defendants, or of either of them. * * * In this connection you are further instructed that if you find and believe from a preponderance of the evidence that in instituting the injunction action, Cause #9138 in the District Court of McKinley County, the Defendants sought the advice of counsel, that is, of an Attorney at Law, in good faith and that the Defendants, or either of them, made a full disclosure of the relevant, pertinent and material facts within the knowledge and information of the Defendants, to such attorney and if the Defendants acted in good faith upon the advice of such attorney under the circumstances above set out, than you will be required to find and conclude from the evidence that the Defendants in this case had probable cause for the beginning and maintenance of the injunction suit in which they were Plaintiffs and Bokum was a Defendant, and that the filing and continuance of such litigation did not amount to and was not a malicious prosecution of a cause of action; * * *."

■■ The extensive instructions given by the trial court were sufficient and made it plain to the jury that malice and want of probable cause, separately, were elements of malicious prosecution, and that each had to be proven by a preponderance of the evidence. There is authority that want of probable cause cannot be inferred from malice; however, it is well settled that malice may be inferred from want of probable cause. Delgado v. Rivera, 40 N.M. 217, 57 P.2d 1141; Hughes v. Van Bruggen, 44 N.M. 534, 105 P.2d 494; Marchbanks v. Young, 47 N.M. 213, 139 P.2d 594; 54 C.J.S. Malicious Prosecution § 43, pp. 1006–1007. It is also true that what constitutes probable cause is a question of law for the trial court to determine, Hughes v. Van Bruggen, supra, but appellants did

not object to the submission of this question to the jury. Brown v. Village of Deming, 56 N.M. 302, 243 P.2d 609.

Appellants' requested instruction No. 3, as to commencement of a lawsuit on advice of counsel, was given to the jury in the trial court's general charge as hereinbefore set out. Requested instructions covered by the trial court's general charge are properly refused. Davis v. Jones, 60 N.M. 470, 292 P.2d 773.

■ Appellants argue that their requested instruction No. 4 should have been given. Said instruction is based upon the theory that the trial court, in continuing the restraining order, conclusively established that there was probable cause for instituting the injunction suit. There is considerable authority that a judgment or decree in a prior suit, adverse to the instant plaintiff in a malicious prosecution, conclusively shows the existence of probable cause. There is considerable dispute in the cases as to the application of the rule to ex parte proceedings and temporary injunctions. In applying the rule, the question arises as to whether the order continuing the ex parte restraining order in effect was determined upon a final adjudication or a final judgment. The order continuing the restraining order in the instant case was not determined upon a final adjudication. The trial court in the order stated that the restraining order would continue in effect until final

hearing. Upon final hearing on the merits, based upon a complete trial in which both parties were heard, the court held for appellee and dissolved the injunction. As stated by the court in Goldner-Siegel Corp. v. Kraemer Hosiery Co., 1934, 153 Misc. 159, 274 N.Y.S. 681, 687:

"* * * There is a decided difference between a holding by a magistrate or the return of an indictment on the one hand, and an adjudication after trial on the other. The former are based wholly on ex parte evidence; whereas the latter is based upon a complete trial in which both parties are heard. * * *"

The distinction referred to in the above case is pointed out in Graham v. Buffalo General Laundries Corp., 261 N.Y. 165, 184 N.E. 746, 747, as follows:

"The distinction is based on the theory that, on a trial where both parties have presented their proofs, the effect of a judgment is to establish probable cause with finality, unless the plaintiff alleges in his complaint that the judgment was improperly obtained and was the result of acts of malice, fraud and oppression on the part of the defendant, which had the effect of depriving plaintiff of an opportunity to be heard in his own behalf, while the magistrate's ruling is only prima facie proof on the question of probable cause

and may be overcome by evidence offered under the general allegation."

Since an order for a temporary injunction requires only a prima facie case, it is only prima facie evidence of probable cause. Bank of Barcelona v. Riggi Bros. Co., Sup.1919, 179 N.Y.S. 391. The ruling of the trial court in the instant case in continuing the restraining order may have indicated a prima facie showing of probable cause, but upon the final trial the court found for appellee.

It has been held that where the injunction is issued after the court is fully informed by proof taken and arguments presented on both sides, that the granting of the injunction under those circumstances is conclusive of probable cause, but if a preliminary injunction is granted ex parte on the allegations of the bill, without notice to or hearing of the other side, and afterwards the injunction is dissolved, the granting of the preliminary injunction is not conclusive of probable cause. H. P. Rieger & Co. v. Knight, 128 Md. 189, 97 A. 358, L.R.A. 1916E, 1277.

 Appellants contend that there is no competent evidence of malicious prosecution and that this issue should not have been submitted to the jury. We do not agree. Appellee's first cause of action alleged, among other things, that appellants, Elkins, were the parties who instituted the injunction suit against appellee; that appel-

lants, Seward and Butler, were the sureties on the injunction bond and that said bond was for the benefit of appellee; that said suit was wrongfully issued and was finally dissolved by order of the trial court; and that appellee was damaged in the sum of $2,025.80, for attorney's fees, travel expenses and costs.

Appellants, in their answer, admitted all of said allegations except paragraph six relating to damages. In effect, appellants admitted all of the elements of malicious prosecution alleged in appellee's first cause of action, except (a) the presence of probable cause, (b) the presence of malice, and (c) damages.

We have reviewed the record and find that there is evidence of appellee's conversation had with appellants, Elkins, prior to the issuance of the injunction order, in which appellee advised them of his option and as to the date (December 22, 1955) when it was necessary to complete the drilling requirements. Appellee asked for permission to enter appellants' lands so as to comply with said option and said permission was refused. Appellants asked $50,000 and two percent royalty as a condition for appellee's use of the road across Section 17. Appellants also had notice of appellee's claim of right to enter the Elkins' ranch by virtue of rights obtained from New Mexico and Arizona Land Company. There is also evidence of appellants' physical interference with appellee's right to enter the El-

kins' ranch. Thus, there was substantial evidence which justified the trial court's submission of this issue to the jury. The jury's verdict being supported by substantial evidence, we will not disturb it on appeal. Flippo v. Martin, 52 N.M. 402, 200 P.2d 366.

Appellants' third general point is that under the evidence only nominal damages could have been awarded for obstruction of the easement.

Appellants argue that there was only a temporary obstruction of the right-of-way and that the record supports only nominal damages. Also, that the verdict as to damages for obstruction of the easement was grossly excessive. We do not agree. There is substantial evidence in the record that appellee made full disclosure of his situation concerning his option and commitments as to drilling on Section 16, and that appellee and his agents at various times asked permission to use the road and were refused. Appellants, Elkins asked an exorbitant sum and two percent royalty for permission for the use of the right-of-way easement. After the Elkins brothers' obstruction and refusal to give their permission, appellee cut the locks on the gate, went onto Section 16 and commenced drilling on November 22, 1955. He stopped drilling when the injunction order was entered on November 28, 1955. As stated by the trial court, the Elkins brothers had the roadway in question fenced with a gate which they had locked and had maintained locked. The trial court took the position that there was physical interference with appellee's right and use of the easement, and it left it for the jury to determine, under all of the circumstances, whether the damages should be reduced to a minimum. 15 Am.Jur. § 372, pp. 811, 812. Pendergrass v. Lovelace, 57 N.M. 661, 262 P.2d 231. We do not believe that the verdict of the jury is excessive. Hall v. Stiles, 57 N.M. 281, 258 P.2d 386.

Appellants, in their final assignment of error, contend that the judgment against the sureties on the injunction bond in excess of $500 is erroneous.

The parties entered into the following stipulation:

"1. That the aggregate liability of the Defendants on Plaintiff's First Cause of Action and on the Second Cause of Action of William G. Coffey in Cause No. 9773 against the same defendants, which cause is now pending in the District Court of McKinley County, New Mexico, is limited to the sum of One Thousand and no/100 ($1,000.00) Dollars.

"2. That the Plaintiffs in their respective causes have agreed between themselves to avoid collateral litigation

as to the proper apportionment of said sum between their claims under their causes of action referred to, that such judgments as may be rendered in their favor in their respective causes of action shall be limited to the sum of Five Hundred and no/100 ($500.00) Dollars.

"3. The parties agree that Plaintiff shall have judgment on his first cause of action against the Defendants without the offering of any evidence in the sum of Five Hundred and no/100 ($500.00) Dollars and costs of suit."

Under the above stipulation, appellee's judgment in the first cause of action is limited to the extent of $500 and costs, or $525.80.

The case is remanded to the district court with instructions to modify the judgment so that the liability of the sureties, Seward and Butler, is limited to $500 and costs, or $525.80. As to any amount in excess thereof, appellants, Lawrence Elkins and D. J. Elkins only, are responsible and liable. Except as modified above, the judgment of the district court is affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY and MOISE, JJ., concur.

NOBLE, J., not participating.