385 P.2d 279

**C. R. JACKSON, Plaintiff-Appellee
and Cross-Appellant,**

v.

**Charles GOAD, Defendant-Appellant
and Cross-Appellee.**

**No. 7249.**

Supreme Court of New Mexico.

Aug. 19, 1963.

Rehearing Denied Oct. 9, 1963.

Rueckhaus, Schall, Brown & Sceresse, Albuquerque, for appellant.

Grantham, Spann & Sanchez, Albuquerque, for appellee.

COMPTON, Chief Justice.

This appeal is from a judgment of the District Court of Bernalillo County in awarding damages of $7,000.00 to the plaintiff for alleged latent defects in a new house he and his wife had purchased from the defendant.

The plaintiff sought damages for breach of express and implied warranties to repair, for failure to reveal latent defects in the foundation of the house and in the soil on which the foundation rested, or for a rescission of the sale and return of the purchase price of $27,500.00. Defenses interposed were that the complaint failed to state a claim for which relief could be granted; that the house had been constructed in a good workmanlike manner; that the soil condition was unknown to the defendant at the time of the sale; that the plaintiff aggravated the damages by installing a sprinkler system and flooding the ground near the foundation after having been warned by the defendant not to do so; and that repairs had been made by the defendant until refused by the plaintiff. Following the trial, and after viewing the property, the court denied rescission and entered judgment for the plaintiff in the amount of $7,000.00, from which the defendant has appealed.

The facts pertaining to the sale of the house and its subsequent structural failures are not in conflict. Nor is there any conflict concerning the cause of these structural failures. The contents of a soil analysis made by the Albuquerque Testing Laboratory, dated December 31, 1958, on the same type of soil nearby, introduced into evidence by appellant, shows that the foundation of the house rests on soil of caliche and clay. The clay content possesses expansive qualities and on becoming wet swells and rises causing the foundation of the structure upon it to settle and shift.

The purchase contract was signed on September 9, 1959, the final payment was made September 16th thereafter, and appellee and his wife moved in on September 22, 1959. The structural failures became apparent about November 1, 1959. Between November 1, 1959 and about September 15, 1960, appellant on at least a dozen occasions did repair and patching work on the house, consisting of shimming up floor joists, retrimming and rehanging doors and windows, patching cracks in the plaster and retouching interior paint to conceal the patched areas. When appellant refused to guarantee his repairs or attempt to correct the basic foundational defect, appellee refused his further services. At appellant's suggestion, in March, 1960, appellee put concrete aprons around the house, with the exception of one small area, to prevent moisture from getting into the foundation. Prior to installing a sprinkler system and lawn in the Spring of 1960, appellee had no occasion to use water on the outside, but nevertheless water had seeped through the cement blocks laid on the footing and extending above and below the soil surface. The repairs made by appellant were but temporary and the structural failures continued to the time of trial. Other builders in the area, prior to the sale of this house, had been having trouble with their houses cracking. So much for the undisputed facts.

The appeal turns on the sufficiency of the evidence to establish appellant's knowledge of the peculiar soil condition at the time of the sale of the house. In this regard the evidence is conflicting. Thus, we find it necessary to reiterate settled rules. Where the evidence is in conflict, it is the province of the trier of the facts to determine the weight of the evidence and the credibility of the witnesses, and upon review this court must view the evidence in the light most favorable to the successful party, indulging all reasonable inferences to be drawn therefrom in support of the judgment. Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330; Koran v. Bingham, 71 N.M. 75, 376 P.2d 28; American Hospital and Life Insurance Co. v. Kunkel, 71 N.M. 164, 376 P.2d 956; and Hamilton v. Doty Drilling Co., 71 N.M. 422, 379 P.2d 69. Further, material findings when supported by substantial evidence are conclusive on appeal. Allsup v. Space, 69 N.M. 353, 367 P.2d 531.

It would serve no useful purpose to set forth verbatim any of the testimony. It suffices to say that there is evidence of a substantial nature that appellant purchased the whole block in which appellee's house was built from a builder by the name Marberry in June, 1958; that a soil analysis was made on soil under a house built by one Swearingen, also in the same area, in December, 1958; that appellant had seen and knew of difficulties experienced by both

Marberry and Swearingen with houses built by them in this area prior to the sale of his house to appellee; that appellant was aware of the fact that moisture getting under the foundations of those houses had caused them to settle and crack. This is pointed up by appellant's own testimony to the effect that at the time of the purchase he warned appellee to keep water, and shrubbery needing water, away from the foundation to minimize settling of the foundation. There is no question but that moisture getting under the foundations of these houses and mixing with the peculiar nature of the soil caused the structural failures.

■ While there is no direct evidence of the actual knowledge of appellant at the time of sale, nevertheless, we find the evidence and surrounding circumstances sufficient to create reasonable inferences that appellant had knowledge of the peculiar nature of the soil itself under the foundation of appellee's house. We deem this evidence crucial and substantial. Consequently, the court properly found that the condition of the soil, the construction of the foundation and the placing of untreated concrete blocks on the foundation below the soil level, constituted a latent defect known to appellant but unknown to appellee.

■ Appellant's attack on the finding that the foundation was insufficient to support the structure upon it, is without merit.

There is uncontradicted evidence that water from all sources seeped underground through the concrete blocks into the foundation. That this foundation may have been adequate under normal conditions in the ordinary course of building, avails appellant nothing. A foundation which will not withstand moisture but which shifts as a result thereof causing damage to the structure upon it, is insufficient.

■ Likewise without merit is appellant's contention that appellee aggravated his damages by, first, installing a sprinkler system and irrigating his lawn and, secondly, by refusing to allow appellant to continue making temporary repairs after September, 1960. The record indicates the structural defects were apparent for some months prior to the use of the sprinkler system and that appellee made diligent effort, following suggestions of appellant, to protect the foundation of his home from moisture. Certainly, appellant made no such effort.

With respect to damages, the court found:

"9. * * * plaintiff expended the sum of $1,491.08 in an effort to correct the defects in said house, and it will cost an additional $4,999.00 to correct the situation, plus loss of full use of the home.

"10. That plaintiff has been damaged in the amount of $7,000.00."

We cannot agree with appellant that this award is excessive. The testimony of building experts supports the fact that even the highest estimate given of $4,999.00 to correct the basic foundational defects would not solve the problem as additional services of a qualified soil engineer would be required.

Appellant complains of the inclusion in the award the sum of $1,491.08, already expended by appellee, on the ground that this amount included improvements as well as repairs. We find nothing in the record to indicate that appellant objected to the testimony regarding the expenditure of this amount.

We find nothing in the evidence to support the contention of excessiveness in the award of $7,000.00. The evidence was more than sufficient to enable the trial court to make a fair and reasonable approximation of the amount of damages directly and naturally suffered by appellee. Proof of the cause of the damages being thus certain, mere uncertainty as to the actual amount will not preclude recovery. Rudolph v. Guy, 61 N.M. 284, 299 P.2d 462; Frank Bond & Son, Inc. v. Reserve Minerals Corp., 65 N.M. 257, 335 P.2d 858, and Bokum v. Elkins, 67 N.M. 324, 355 P.2d 137.

Lastly, appellant contends that the court erred in refusing certain findings of fact and conclusions of law requested by him. This contention is also without merit.

The findings made by the trial court being supported by substantial evidence, it was not error to refuse requested findings and conclusions to the contrary. Rudolph v. Guy, supra, and Bogle v. Potter, 72 N.M. 99, 380 P.2d 839.

The judgment should be affirmed. It is so ordered.

CARMODY and CHAVEZ, JJ., concur.