397 P.2d 311

Robert G. **UNDERWOOD** and Dorothy G. Underwood, his wife, Plaintiffs-Appellees,

v.

**MARBERRY CONSTRUCTION COMPANY,** a corporation, Defendant-Appellant.

**No. 7521.**

Supreme Court of New Mexico.

Nov. 30, 1964.

Wilson, Ahern & Montgomery, Albuquerque, for appellant.

Tonkin, Cotter & Hendley, Albuquerque, for appellees.

MOISE, Justice.

Defendant has perfected this appeal from a judgment for $1,918.70, plus costs, entered in favor of plaintiffs after a nonjury trial on the merits.

The facts found by the trial court establish that plaintiffs purchased a lot with a newly constructed house thereon from defendant; that defendant had built the house on "loose filled soil" which fact it should have known; that because the house was built on "loose filled soil," which constituted a latent defect, certain specified imperfections, cracks, and other deficiencies developed; and that plaintiff gave defendant timely notice of these defects in compliance with an express warranty required by the Veterans' Administration which had been delivered to plaintiffs by defendant. Evidence showed that the Veterans' Administration's regulations in effect at that time prohibited the construction of such a house on loose filled soil.

The similarity between the facts of this case and those considered in Jackson v. Goad, 73 N.M. 19, 385 P.2d 279, is striking.

Here, the damage resulted from building on loose, improperly compacted soil rather than, as in Jackson, the nature of the soil itself. In both cases, the builder attempted repairs until further efforts tendered were refused by the purchaser. Further similarity is found in the fact that the builder defendants in both cases claimed

that the trouble resulted from excessive irrigating and use of water, or from changes made in the surface coutour by the plaintiffs' and that this constituted negligence on their part.

The two cases are not distinguishable although the pleadings and theories advanced by counsel, as well as the points raised on appeal differ somewhat. In the instant case, the court found a breach of warranty, whereas in Jackson v. Goad, supra, no such claim was advanced. We affirm the ruling of the trial court that the defects constituted a breach of warranty, and that plaintiff properly complied with the notice requirements of the warranty.

Appellants in both cases claim a lack of substantial evidence to support one or more findings. Although the facts found and asserted to be without support differ in the two cases, what was said in Jackson v. Goad, supra, on this subject applies here. Appellant's point is without merit. We pass without comment any question present as to whether defendant has properly attacked any material finding.

In addition to the warranty held to have been breached by defendant, appellants complain that the trial court erred in concluding that another document designated as a "Field Review," which was prepared by a representative of the Veterans' Administration after an inspection of the property, and signed by plaintiffs and an agent of defendant, was a valid and binding contract which was breached by defendant.

In view of our determination that the trial court's finding of a breach of warranty is supported by substantial evidence, any additional basis upon which defendant might be liable would be merely cumulative. We accordingly do not consider whether the trial court ruled correctly in this regard.

The judgment appealed from should be affirmed.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.