Argued December 21, 1933; affirmed February 20; motion to
modify decree denied March 13, 1934

# FOLQUET *v.* WOODBURN PUBLIC
## SCHOOLS ET AL.

(29 P. (2d) 554)

*Clarence E. Yeager* and *Alton John Bassett,* both of Portland, for appellant.

*Custer E. Ross,* of Salem, for respondents.

RAND, C. J.   This appeal is from a judgment sustaining a demurrer to the complaint and dismissing the action. The action was brought by plaintiff as administrator of his father's estate to recover for breach of contract. The contract was entered into by plaintiff's father and the defendant school district, and, by its terms, was to continue for a period of five years. On May 21, 1932, and before the contract had been fully executed, the father died and thereupon the district terminated the contract and refused to permit the plaintiff as administrator to perform for the remainder of the term. The learned trial court sustained the demurrer upon the ground that the contract was of a personal nature and could be performed only by the decedent, and this is the only question necessary for decision.

It appears from the contract as pleaded in the complaint that decedent undertook to convey the pupils of the district to and from school each school day for the term of five years and was to receive $125 per month for each school month. The provisions of the contract material to this controversy are as follows:

"The contractor shall at his own expense furnish, supply and maintain one and one-half ton bus properly equipped for the transportation of the said pupils without unnecessary delay, and shall keep such equipment in a safe and sanitary condition. The equipment to be used shall be of a kind and quality reasonably suitable for such purposes and shall be kept and maintained in good mechanical repair and condition, with efficient brakes and all other appliances required by law."

"The drivers and other employees of the contractor shall demean and conduct themselves in a proper and moral manner, and the contractor shall be responsible for the conduct of the pupils, employees and all other persons occupying such conveyance. If a driver or other employee, shall not, in the opinion of the School Board of the District, be properly conducting himself and maintaining order and proper discipline among his passengers, or shall operate his conveyance in a negligent or reckless manner, or shall for any other reason be deemed unfit or unsuitable, then such employee shall be discharged by the contractor on direction of the District."

"The District shall be and is hereby given the right and authority, in the event that the contractor shall fail to do or perform in good and proper manner and things herein specified to be by him performed, to cancel and terminate this agreement."

"In construing this contract and the relations between the district and the contractor created hereby, the same shall be construed as being an independent contract with the contractor for furnishing of transportation, and the contractor shall not be held or deemed in any way to be the agent or employee of the District."

■■ As a general rule contracts and the rights growing out of them are assignable. It is well settled, however, that if a contract is personal in its nature or if it contains a stipulation against assignment or if the

assignment of it is forbidden by statute or public policy, it comes within the exception to the general rule and is not assignable. It was held by this court in *Corvallis & Alsea River R. Co. v. Portland, Etc., Co.,* 84 Or. 524 (163 P. 1173), and *Meyer v. Livesley,* 45 Or. 487 (78 P. 670, 106 Am. St. Rep. 667), that personal contracts are not assignable. In the first case Mr. Justice Bean, speaking for the court, said:

"The usual test laid down in the cases is that a contract is generally assignable unless forbidden by public policy, or by the contract itself, or when its provisions are such as to show that one of the parties reposed a personal confidence in the other which he would not have been willing to repose in any other person."

It was also held in that case that rights which are purely personal and which die with the person cannot be assigned no matter how acquired. Upon this last point see *Haugen v. Sundseth,* 106 Minn. 129 (118 N. W. 666, 16 Ann. Cas. 259); 4 Page on Contracts, § 2243, and authorities there cited.

In *Meyer v. Livesley,* supra, it was also held that, where one party contracts for the personal skill or labor of another, or reposes special trust in another, such contract cannot be assigned by either party without the consent of the other so long as such contract is executory on the part of the one in whom such trust and confidence is reposed.

But it is only when the act to be performed is personal in its character that it can be performed only by the person named in the promise. 1 Williston on Contracts, § 316. Whether a contract is of such a character as to require the personal services of one of the contracting parties in its performance and to be terminated by his death depends upon the inten-

tion of the parties and is to be determined by the construction of the contract as shown by the language used and by the nature and subject-matter of the contract when viewed in the light of the surrounding circumstances. 1 Williston on Contracts, § 316; 4 Page on Contracts, § 2248. As said by the Supreme Court of the United States in *Burck v. Taylor,* 152 U. S. 634 (14 S. Ct. 696, 38 L. Ed. 578):

"When rights arising out of contract are coupled with obligations to be performed by the contractor, and involve such a relation of personal confidence that it must have been intended that the rights should be exercised and the obligations performed by him alone, the contract, including both his rights and his obligations, cannot be assigned without the consent of the other party to the original contract."

"It is well settled, says Elliott, "that contracts are not assignable which involve a personal liability, or relation of special trust and confidence or where the skill or experience of one of the parties is of the essence of the contract. The real difficulty consists in determining whether a given contract involves a personal liability, establishes a relation of personal trust and confidence or requires the skill or experience of one of the parties to the contract for its performance. Thus, a building or construction contract which contains no provision in regard to assignments may be assigned when there is nothing in the contract to indicate that it was limited to the parties making it either by its terms or by the subject-matter of the contract. But where the character of the work requires skill and experience the builder has a right to make his contract with a party having the requisite knowledge and experience, and when it appears that he has selected a particular contractor on account of his skill and experience, a relation of personal confidence arises between the parties and the contract cannot be assigned." 2 Elliott on Contracts, § 1435.

The reason for the rule, he says, is "that every one has a right to select and determine with whom he will

contract and cannot have another person thrust upon him without his consent. He has a right to the benefit which he anticipated from the character, credit and substance of the party with whom he contracted. On the same principle a contract for personal services cannot be assigned so that the assignee may command the labor of one whom has never agreed to serve him.'' Elliott on Contracts, § 1439.

██ The subject-matter of this contract was the conveyance daily of children to and from school over a long period of time. When the safety of these children is taken into consideration, the necessity for the exercise by the district of great care in the selection of the contractor who, if he did not drive the bus himself, was to be intrusted with the duty of employing a trustworthy, competent and careful driver and to have supervision over him and over the conveyance used, is obvious.

The contention that, in entering into a contract of this character where the lives and safety of children are involved, the district was not entitled to choose the person with whom it was willing to contract, or that, in making such selection, the relation of personal trust and confidence was not involved, we think is wholly unsound. It is equivalent to saying that the district was as willing to intrust the safety of its children to the care of an untrustworthy and incompetent person as to one in whom it had absolute trust and confidence. Unless the latter is true, the contract was personal and there can be no substitution by one party without the consent of the other.

The principle applicable to the law of partnership, sometimes called *delectus personae* or choice of persons, we think, when considered in connection with the subject-matter of this contract, should be here

applied, and that the district ought not to be compelled to submit to performance by a third person with whom it might have been unwilling to contract at the time the contract was entered into. The rule is that when a person is employed to do work or perform services requiring some degree of skill or experience, and it can be inferred from the contract that he has been selected for the employment in consequence of his own qualifications, such a contract is not assignable to a third person who may or may not be competent to do the work. In *British Waggon Co. v. Lea,* L. R., 5 Q. B. D. 149, the court said:

"* * * where a person contracts with another to do work or perform service, and it can be inferred that the person employed has been selected with reference to his individual skill, competency, or other personal qualifications, the inability or unwillingness of the party so employed to execute the work or perform the service is a sufficient answer to any demand by a stranger to the original contract of the performance of it by the other party, and entitles the latter to treat the contract as at an end, notwithstanding that the person tendered to take the place of the contracting party may be equally well qualified to do the service. Personal performance is in such a case of the essence of the contract, which, consequently, can not in its absence be enforced against an unwilling party."

■ So, where a contract involves a personal liability or a relation of special trust and confidence, it is not assignable without the consent of the other contracting party. As stated in 2 Restatement of the Law of Contracts, A. L. I., § 459:

"A duty that requires for its performance action that can be rendered only by the promisor or some other particular person is discharged by his death or by such illness as makes the necessary action by him impossible or seriously injurious to his health, unless

the contract indicates a contrary intention or there is contributing fault on the part of the person subject to the duty.''

See, also, *Robson v. Drummond,* 2 B. & Ad. 303; *Cole v. Handasyde & Company,* [1909], 2 S. L. T. 358.

The judgment appealed from is, therefore, affirmed.

BELT, BEAN, CAMPBELL and BAILEY, JJ., concur.

ROSSMAN and KELLY, JJ., dissent.