Argued and submitted May 18, 1983, affirmed January 11, 1984

# EMERALD CHRISTMAS TREE COMPANY,
*Respondent,*

*v.*

# BEDORTHA,
*Appellant,*

(16-81-00389; CA A24960)

674 P2d 76

David Brewer, Eugene, argued the cause for appellant. With him on the briefs were Herb Lombard, and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

H. Thomas Evans, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant Bedortha (defendant)[1] appeals from a judgment for damages for breach of contract and conversion of trees. We affirm.

Defendant is the owner of a tree farm. One Mooney had been performing management services on the farm for defendant. He requested that defendant enter into a contract for management services and harvesting of the trees with For Ever Green Tree Farms, Inc. (FEGTF), for which he worked and in which he owned stock. On November 26, 1975, defendant and FEGTF entered into a written maintenance and sales agreement. FEGTF was to maintain and care for the existing trees, harvest and sell them. On sale of the trees by FEGTF, defendant was to be paid a stumpage fee. The contract became effective on July 15, 1975, and was to expire on December 30, 1982. Unilateral termination by either party was permitted under the contract if notice were given to the other party by June 1 of any calendar year. Either party could also terminate the agreement if the other party breached any provision of the agreement and failed to cure that breach within ten days after notification by mail.

In December, 1975, Evergreen Tree Farm Associates bought the stock and assets of FEGTF. In May, 1978, Evergreen Tree Farm Associates transferred its assets to plaintiff, which took over the company. Throughout all of the transfers of assets from corporation to corporation, the contract was fully performed. The tree farm was maintained, trees were harvested and defendant was sent all checks from plaintiff, which he cashed.

In November, 1980, a work crew of plaintiff's employes, supervised by one Santiago, went to defendant's tree farm to begin that year's harvest. However, after a physical confrontation with a crew of workers hired by a different employer to which defendant had sold the remaining trees, the crew was forced to leave the property. Plaintiff was not able to complete the harvest and filed this action for damages for conversion and breach of contract. The trial court entered a judgment for plaintiff after a trial without a jury.

---

[1]Defendant Smith did not appeal.

Defendant appeals, making three assignments of error. First, he argues that plaintiff failed to establish an ownership interest in the trees so as to be entitled to bring this action. Defendant claims plaintiff failed to establish that it became the assignee of FEGTF's rights under the original maintenance and sales agreement. He claims that the documents of assignment on which plaintiff relies are insufficient proof. However, we do not need to decide if the writings purporting to assign the contract from one corporation to the next are sufficient by themselves.

■ It is true that the one alleging a valid assignment has the burden to prove it. *Harlow v. Oregonian Pub. Co.,* 53 Or 272, 100 P 7 (1909). Although defendant argues that the proof supplied by plaintiff does not clearly show that each successive corporation properly documented each assignment, there was sufficient evidence presented to support the trial judge's finding that the assignments had been made and that plaintiff was a proper assignee entitled to bring this action. It is clear from the writings and other evidence that the successive corporations agreed to and did undertake the rights and duties of the contract.

■ Defendant's second assignment is that the trial court erred in failing to find that the contract between him and FEGTF is a personal services contract and is therefore not assignable. As a general rule, a contract is assignable. However, if a contract is personal in nature, it is not assignable. *Folquet v. Woodburn Schools,* 146 Or 339, 29 P2d 554 (1934).

■ Originally, Mooney had been performing management services on the farm for defendant. Defendant claims that he was happy with Mooney's work and, therefore, signed the original contract with FEGTF. However, that contract was *not* with Mooney himself, but with the *corporation* for which Mooney worked. Defendant testified that, when he signed the contract, he understood that it was with FEGTF as a family-owned and operated corporation. Mooney was only part of the company, not the company itself. Further, Santiago and defendant both testified that defendant knew that Santiago was also maintaining and harvesting the trees, subsequently taking charge of the operation. In fact, defendant thereafter spoke with him instead of Mooney about the

farm. The trial court did not err in finding that the contract is not a personal services contract.

The final assignment of error is that plaintiff failed to meet its burden of proof in establishing damages. We have reviewed the record and agree with the trial court that plaintiff proved its damages.

Affirmed.