Argued and submitted June 21, affirmed July 24, reconsideration denied October 2, 1991, petition for review denied January 28, 1992 (312 Or 589)

John K. COOMLER
and Lois Scheidegger,
*Appellants,*

*v.*

SHELL OIL COMPANY,
*Respondent.*

(89C-11697; CA A66044)

814 P2d 184

James A. Cox, Lake Oswego, argued the cause for appellants. With him on the brief were Christopher B. Rounds and Cox & Peterson, Lake Oswego.

William N. Mehlhaf, Portland, argued the cause for respondent. With him on the brief was Markowitz, Herbold, Glade & Mehlhaf, Portland.

Before Joseph, Chief Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

Joseph, C. J., specially concurring.

## ROSSMAN, J.

Plaintiffs lessors appeal from the trial court's judgment in this declaratory judgment action that defendant lessee's options to purchase the leased real property during the 35-year term and extensions of the lease do not violate the Rule Against Perpetuities[1] and do not constitute an unreasonable restraint on alienation. We affirm.

■ An option to purchase may be subject to the Rule Against Perpetuities. *Gange et ux. v. Hayes et al.,* 193 Or 51, 137 P2d 196 (1951). In most American jurisdictions, however, lease-option provisions that allow the lessee to purchase the premises during the life of the lease are excepted from the rule. *Restatement of Property,* § 395 (1944). The rationale for the exception is explained in *comment a* to that section:

> "A lessee in possession of lands, especially when the term is sufficiently long to make a question as to the rule against perpetuities possible, needs to be able so to plan for the future as to get the benefit of the full utilization of the land during his lease-term. This makes it important for such a lessee and for society in general, that extensions or renewals of the term and purchase of the lessor's ownership be facilitated rather than prohibited."

■ The question has not previously been decided in Oregon. We agree with the majority rule and hold that lease-options that are exercisable by a lessee in possession during the term or extended lease terms are not subject to the rule. We agree with the rationale for that conclusion in the *Restatement.* Moreover, there would seem to be little sense in applying the rule, the purpose of which is to promote the transferability of property, against the option right of a lessee

---

[1] The common law Rule Against Perpetuities was described in *Closset et al. v. Burtchaell et al.,* 112 Or 585, 606, 230 P 554 (1924):

> "Professor Gray, in his valuable work on Perpetuities, defines the rule as follows: 'No interest subject to a condition precedent is good, unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interests. [*] * * No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.' "

The common law rule has been superseded in whole or in part by ORS 105.950 — ORS 105.975. The interests in question here were created in a 1967 lease, and the statute, which was enacted in 1989, does not apply to them. ORS 105.970; *see* Or Laws 1989, ch 208, § 10. Nothing in this opinion is intended as an interpretation or application of the statute.

to whose possessory interest any transfer of the property would be subject throughout the time that the option could exist. In some sense, as the special concurrence notes, a lessee's option is not a future interest at all, but instead allows for the continuation of an existing vested possessory interest in a different legal form.[2]

Plaintiffs' reliance on *Gange et ux. v. Hayes et al., supra,* is misplaced. The option holders in that case had no existing possessory estate, but claimed only a contingent right of repurchase that their predecessor had reserved in the deed conveying the property to the plaintiffs' predecessor.

■ We hold that defendant's options are not subject to the Rule Against Perpetuities and, for similar reasons, that they do not amount to an unreasonable restraint on alienation. *See United Savings Bank Mutual v. Barnette,* 72 Or App 46, 695 P2d 73, *rev den* 299 Or 203 (1985). The parties' remaining arguments do not require specific discussion.

Affirmed.

**JOSEPH, C. J.,** specially concurring.

There is no "future interest" to which the Rule Against Perpetuities could be applied. Defendant's interests are all vested, including the right to buy the property at a certain price.

---

[2] We do not disagree with the specially concurring opinion's alternative rationale for our decision.