15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 FARM AND RANCH LIFE INSURANCE COMPANY, INC., In Liquidation,
By and Through Hugh ALEXANDER, Deputy Receiver,
Plaintiff-Appellant,
v.
WHEELS LIFE INSURANCE CO., LTD., a Cayman Islands
Corporation, Defendant-Appellee.
 No. 92-35456.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 4, 1994.
Decided Jan. 26, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Farm and Ranch Life Insurance Company ("Farm and Ranch") appeals summary judgment in favor of Wheels Life Insurance Company ("Wheels"). The district court concluded that the Reinsurance Agreement between Wheels and Empire Life Insurance Company ("Empire") was not assignable. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 In general, all contracts are assignable. Folquet v. Woodburn Public Sch., 29 P.2d 554, 555 (Or.1934). However, a contractual right may not be assigned if the substitution of a right of the assignee for the right of the assignor would materially increase the obligor's risk under the contract, or materially impair the obligor's chance of obtaining return performance. See Restatement (Second) of Contracts Sec. 317(2) (1981). Similarly, a contractual duty may not be delegated if "the obligee has a substantial interest in having [the obligor] perform or control the acts promised." Id. Sec. 318(2). Oregon law is in accord with the Restatement. See Union Bond & Trust Co. v. M & M Wood Working Co., 474 P.2d 339, 352 (Or.1970).
 
 
 5
 The district court held that the assignment from Empire to Farm and Ranch was invalid because it "would materially impair the chances of ... Wheels obtaining the expected performance." We agree. As reinsurer, Wheels was insuring Empire's risks. If Empire wrote bad policies or made bad settlements, Wheels would pay more money. While Wheels may not have thoroughly scrutinized Empire, it cannot be forced to bear greater risks by assignment.
 
 
 6
 We also reject Farm and Ranch's argument that the Reinsurance Agreement expressly authorized assignment based on language in the Custodial Agreement. The Reinsurance Agreement's incorporation by reference of the Custodial Agreement does not affect the assignability of the Reinsurance Agreement.
 
 
 7
 Finally, we agree with the district court that Wheels was not prevented from challenging the assignment by estoppel or waiver.
 
 AFFIRMED.[1]
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We do not reach the issue of whether Article XIII of the Reinsurance Agreement requiring written consent to any contract modification also prohibited assignment, nor do we decide whether the March 1988 Settlement Agreement barred Farm and Ranch's claim