Submitted January 6, judgment on IIED claim as to defendants James Vaughan, Eric Goritz, and Sam Marquez in their individual capacities reversed and remanded, otherwise affirmed September 13, 2023

Donald RICARD,
an individual,
and Reuben Garcia, an individual,
*Plaintiffs-Appellants,*

*v.*

KLAMATH FALLS FOREST ESTATES HOMEOWNERS' ASSOCIATION, INC., ("KFFEHOA"), an Oregon mutual benefit corporation; James Vaughan; Michelle Vaughan; Eric Goritz; Sam Marquez; and Cynthia Wilson, as individuals and as members of the KFFEHOA Board of Directors, *Defendants-Respondents.*

Klamath County Circuit Court
18CV25995; A176668

536 P3d 1013

Plaintiffs appeal from a civil judgment of dismissal. In the underlying action, plaintiffs brought three claims for relief against their homeowner's association (HOA) and the HOA's Board of Directors in their individual capacities and as members of the board. Only two claims for relief are before the Court of Appeals: "source of income" discrimination under ORS 659A.421(2) and intentional infliction of emotional distress (IIED). In their sole assignment of error, plaintiffs contend that the trial court erred by granting summary judgment to defendants because the trial court applied the wrong version of the HOA's bylaws, and that there is insufficient evidence in the record to support summary judgment on the discrimination and IIED claims. *Held*: The trial court did not err in dismissing the discrimination claim against all defendants. The Court of Appeals, without deciding which version of the HOA bylaws controls, concluded that plaintiffs had provided no evidence of discrimination based on their source of income, as required by ORS 659A.421(2). The trial court also did not err with respect to the IIED claim against the HOA and individual defendants in their capacity as members of the HOA's Board of Directors. There is sufficient evidence in the record to support the trial courts conclusion that the actions of the HOA and individual defendants as members of the board did not amount to IIED. With regard to defendants in their individual capacity, individual defendants never advanced arguments for summary judgment in their individual capacity. Accordingly, the court concluded that plaintiffs did not have the burden to respond to issues not raised in the motion for summary judgment, and that the trial court erred in dismissing the IIED claim with respect to defendants in their individual capacity.

Judgment on IIED claim as to defendants James Vaughan, Eric Goritz, and Sam Marquez in their individual capacities reversed and remanded; otherwise affirmed.

Alycia E. Kersey, Judge.

Michael W. Franell filed the briefs for appellants.

Elizabeth W. Armitage, Thomas F. Armosino, and Frohnmayer, Deatherage, Jamison, Moore, Armosino & McGovern, P. C. filed the brief for respondents Eric Goritz and James Vaughan.

Michael D. Montag and Vial Fotheringham LLP filed the brief for respondents Klamath Falls Forest Estates Homeowners' Association, Inc., James Vaughan, Michelle Vaughan, Eric Goritz, Sam Marquez, and Cynthia Wilson.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Judgment on IIED claim as to defendants James Vaughan, Eric Goritz, and Sam Marquez in their individual capacities reversed and remanded; otherwise affirmed.

**SHORR, P. J.**

This case originated when plaintiffs, Donald Ricard and Reuben Garcia, filed a complaint against their home-owners' association, the Klamath Falls Forest Estates Homeowners' Association (HOA), as well as board members both in their individual capacities and as members of the HOA Board of Directors. Plaintiffs alleged that under ORS 659A.421(2)(c) defendants discriminated against them and also caused intentional infliction of emotional distress (IIED). Specifically, plaintiffs alleged that defendants discriminated against them due to their disabilities by withholding or revoking keyed access to a community well, and that defendants' conduct in withholding well access, as well as other alleged incidents, constituted IIED. Defendants moved for summary judgment on plaintiffs' claims, and the trial court granted the motion and dismissed plaintiffs' claims in their entirety. Plaintiffs now appeal that ruling. We affirm in part and reverse in part.

As we explain below, we affirm the trial court's grant of summary judgment on the statutory discrimination claim because plaintiffs presented no disputed issues of fact that they were discriminated against based on their source of income as required to prove plaintiffs' claim under ORS 659A.421(2)(c). We reverse, however, on the trial court's grant of summary judgment to certain individual defendants on plaintiffs' IIED claim because those individual defendants did not contest that issue before the trial court in their summary judgment motion.

We review a trial court's grant of summary judgment to determine whether there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C. That standard is satisfied if, viewing the record and all reasonable inferences that may be drawn from it in favor of the nonmoving party—here, plaintiffs—"no objectively reasonable juror could return a verdict for [plaintiffs] on the matter that is the subject of the motion for summary judgment." *Id.*; *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 455, 31 P3d 421 (2001).

Before proceeding, we cabin our discussion and the issues on appeal, because plaintiffs do not assign error to

every aspect of the trial court's summary judgment ruling. First, plaintiffs raise no argument that the trial court erred in granting summary judgment to defendants on plaintiffs' claim for injunctive relief, and thus that aspect of the court's ruling is affirmed. Likewise, plaintiffs raise no argument that the trial court erred in dismissing plaintiffs' claims against defendant board members Michelle Vaughan and Cynthia Wilson as individuals for failure of service pursuant to the court's inherent authority under ORCP 54 B(3). That aspect of the court's ruling, which occurred at the same time as its summary judgment rulings, is likewise affirmed. Plaintiffs only raise arguments regarding the court's grant of summary judgment to the remaining defendants—HOA, all five board members in their capacities as officers and directors, and Eric Goritz, Sam Marquez, and James Vaughan as individuals—on plaintiffs' first and second claims of relief for discrimination and IIED. Thus, we only consider the court's rulings as to those defendants and claims.

We begin with plaintiffs' discrimination claim. Plaintiffs alleged in their operative complaint that, although defendants had told plaintiffs that they were not eligible for "water keys" under the 2013 HOA bylaws, the true reason that plaintiffs had been denied keys was because defendants had animus for plaintiffs due to their disabilities. In their complaint, plaintiffs alleged discrimination under ORS 659A.421. Defendants moved for summary judgment on that claim on two bases: (1) that ORS 659A.421 does not prohibit discrimination based on disability and (2) that plaintiffs were not entitled to water keys under the valid and enforceable 2013 HOA bylaws, which limited access to "legal residents with legal residences and legal addresses." In defendants' view, that provision limited water keys to residents with county-permitted dwellings and septic systems. Plaintiffs filed a memorandum in opposition to summary judgment, which contended that the 2013 bylaws were not validly adopted, and that plaintiffs were entitled to water keys under the last validly adopted HOA bylaws. The memorandum also contended, *for the first time*, that they were actually asserting a claim for discrimination based on plaintiffs' *source of income* as disability benefits under ORS

659A.421.[1] In reply, defendants argued that plaintiffs had not presented evidence of discrimination based on source of income. The trial court granted defendants' motion, concluding that, even accepting plaintiffs' recharacterization of the claim as a "source of income" discrimination claim, "[n]either plaintiff produced any evidence that defendants' actions were based on discrimination of plaintiff[s'] sources of income."

On appeal, plaintiffs contend that the trial court erred in that ruling. Specifically, they repeat their arguments about the validity of the 2013 bylaws, and also argue that plaintiffs created a sufficient record to avoid summary judgment on their source-of-income discrimination claim. For our purposes, we need not decide the validity of the 2013 bylaws, or whether some earlier version of the bylaws control. That is because, even assuming without deciding that the 2013 bylaws limiting water keys to "legal residents with legal residences and legal addresses" are unenforceable, plaintiffs failed to present sufficient evidence to defeat summary judgment on their source-of-income discrimination claim.

We briefly summarize the summary judgment record as to plaintiffs' discrimination claim, beginning with plaintiff Garcia. Garcia owns two lots within the HOA. One lot has a home on the property, although it does not have an occupancy permit, while the other lot contains no structures. Garcia lives in a recreational vehicle on the empty lot. Garcia had keyed access to the community well for about three years. In January 2018, HOA notified him that he would need to return his key because he did "not meet the proper requirements to qualify as a valid address." However, Garcia testified that the board "made it very clear" that he could not have a water key "because of how my disability, they have been targeting me." Garcia receives Social Security Disability benefits. However, there is no direct evidence in the record, nor any reasonable inferences from the record,

---

[1] Plaintiffs also argued, for the first time, that they had "pled facts from which a trier of fact could find the Defendants operated in violation of 42 USC § 3604(f)(2)," which they also alternatively listed as 42 USC § 3404 in other areas of their memorandum. The trial court rejected that argument, as plaintiffs had not raised a violation of federal law in their complaint or at any earlier point of the litigation. Plaintiffs do not raise any arguments under federal law on appeal.

that defendants knew or believed that Garcia received disability income, and Marquez testified that he did not know where Garcia "gets his money."[2] Garcia also testified regarding two incidents that he contended supported his discrimination claim: (1) an incident in April 2018 by board member defendants, Marquez and James Vaughan, as well as other individuals, during which Vaughan made fun of Garcia for "having a cane" and called Garcia "crippled" and "a gimp fuck" and Marquez told Garcia that he did not "deserve a key you, fucking gimp fuck"; and (2) an incident in June 2018 in which a man named Dennis Gibbs—who is not a board member or a defendant in this case—assaulted Garcia and accused him of "faking [his] disability."

Plaintiff Ricard owns one lot within the HOA that contains some unpermitted structures but no house and no septic system. He lives in a "fifth wheel" on that property. In December 2017, in response to Ricard's request for well access, HOA notified Ricard that his request had been denied because he did not have a "legal residence *** with no associated legal physical address established, nor Klamath County building permits for occupancy." Ricard testified that "most *** if not all" of the board members had "made comments about [him] being a disabled old contractor" and that "all" of the board members told him he would never get a water key because he was a "gimp old fuck." The summary judgment record does not indicate Ricard's source of income, or whether any of the defendants knew or believed that Ricard received disability income.

Finally, plaintiffs submitted Klamath County records regarding all properties within the HOA that had received "final approval on residential structures," "final approval on installation of septic systems," and "legal addresses" as support for their argument that "[d]efendants treated other similarly situated individuals differently" by granting water keys to board members and other residents who were not "legal residents with legal residences and legal addresses." Plaintiffs contended that the records provided evidence that "[n]one of the current Board members" had

---

[2] Plaintiffs contend that Garcia "shared with Sam Marquez that he was receiving social security disability." However, that contention was not alleged in the complaint and is not supported by the summary judgment record.

"final approval" or "final occupancy" on their residences, and that in fact only five properties in the entire subdivision were "completed on septic and building."

As noted, the court granted summary judgment to defendants, concluding that, even accepting plaintiffs' recharacterization of the claim as a "source of income" discrimination claim, the record did not contain evidence of Ricard's source of income at all, and

> "[n]either plaintiff produced any evidence that defendants' actions were based on discrimination of plaintiff[s'] sources of income. Defendant Marquez stated in his deposition that he did not know the source of income for Plaintiff Garcia. No evidence in the record supports an inference that any of defendants' alleged actions (kicking a cane, yelling, throwing a chair, or denying the water key) were based on plaintiffs' sources of income."

Pursuant to ORS 659A.421(2),

> "[a] person may not, because of the race, color, religion, sex, sexual orientation, gender identity, national origin, marital status, familial status or source of income of any person:
>
> "* * * * *
>
> "(c)  Make any distinction, discrimination or restriction against a purchaser in the price, terms, conditions or privileges relating to the sale, rental, lease or occupancy of real property or in the furnishing of any facilities or services in connection therewith."

In other words, a person may not discriminate against a purchaser of real property because of the purchaser's source of income. That includes discrimination in the privileges of occupancy or furnishing of facilities or services, and access to the HOA's community well is undoubtedly a privilege of occupancy or a furnished facility or service under the statute. Further, pursuant to ORS 659A.421(1)(d),

> "(A)  'Source of income' includes federal rent subsidy payments under 42 USC 1437f and any other local, state or federal housing assistance.

> "(B) 'Source of income' does not include income derived from a specific occupation or income derived in an illegal manner."

A plaintiff to a discrimination claim must show either direct evidence of discriminatory intent or at least indirect evidence from which a reasonable factfinder could infer discriminatory intent, such as evidence that other similarly situated individuals who were not in the protected class were treated more favorably. *See Miller v. Racing Commission*, 298 Or App 70, 90, 445 P3d 371 (2019) (discussing "disparate treatment" discrimination claims); *Groshong v. Mutual of Enumclaw Ins. Co.*, 143 Or App 450, 457, 923 P2d 1280 (1996), *aff'd*, 329 Or 303, 985 P2d 1284 (1999) (same).[3]

Assuming without deciding that a "source of income" discrimination claim under ORS 659A.421(2) may rely on discrimination because of a plaintiff's receipt of disability benefits, we agree with the trial court that plaintiffs did not present any evidence that would permit the inference that defendants withheld water keys from plaintiffs because of plaintiffs' disability benefit income. As to Garcia, plaintiffs present no direct evidence of discrimination against Garcia based on his *source of income*, despite plaintiffs' allegations that Garcia was denied a well key due to his *disability*. However, a claim of discrimination based on *disability* involves a different statute that was not raised in plaintiffs' complaint or on summary judgment.[4] Therefore, Garcia needed to present some indirect evidence of source-of-income discrimination.

But the record does not support a reasonable inference of source-of-income discrimination against Garcia. First, even viewing the record and all reasonable inferences in favor of plaintiffs, as we must, it is not reasonable to infer that a defendant who discriminates against persons based

---

[3] Because of the limited nature of defendants' summary judgment motion and the trial court's ruling on plaintiffs' discrimination claim, we need not determine the precise elements of *a prima facie* source-of-income discrimination claim under ORS 659A.421.

[4] *See* ORS 659A.145(2)(c) (providing that a person "may not discriminate because of a disability of a purchaser" by "[m]aking any distinction or restriction against a purchaser in the price, terms, conditions or privileges relating to the sale, rental, lease or occupancy of real property or the furnishing of any facilities or services in connection with the real property").

on their disability by denying them a property privilege such as a water key and then assaulting or mocking them has discriminated against them because of their *source of income*.

Additionally, there is no evidence in the record that defendants knew or believed that Garcia received disability income. The only incident that could potentially infer some sort of animus based on Garcia's source of income, comments by Dennis Gibbs that Garcia was "faking his disability," occurred after Garcia was denied a water key and cannot be attributed to any of the defendants. Gibbs is not a board member or defendant in this case.[5] Similarly, we cannot infer source-of-income discrimination from plaintiffs' evidence that other residents and board members who were not "legal residents with legal residences and legal addresses" were granted water keys, because plaintiffs failed to create a sufficient record to support the inference that those differences in treatment were based on source of income.

Finally, as to plaintiff Ricard, plaintiffs failed to create any record regarding Ricard's source of income, so the contention that defendants discriminated against him because of his disability income is completely unsupported by the record. Plaintiffs' contentions to the contrary are unsubstantiated. As a result, the trial court did not err in granting defendants' summary judgment motion on plaintiffs' discrimination claim.

We turn to plaintiffs' second claim for relief for IIED and reach a different conclusion. Plaintiffs contended that defendants intentionally subjected plaintiffs to extreme emotional distress when defendants denied plaintiffs access to the community well for discriminatory reasons. Plaintiffs also alleged that the individual defendants intentionally subjected plaintiffs to extreme emotional distress when they subjected plaintiffs to the assaults and insults described in plaintiffs' discrimination claim, as well as when they engaged in several additional acts, including defendants Marquez and James Vaughan telling Ricard that

---

[5] Plaintiffs contend on appeal that Goritz filed a police report that also accused Garcia of faking his disability. However, that claim was not alleged in plaintiffs' complaint, and is not supported by the summary judgment record.

he "better watch his back"; James Vaughan filing a petition for a stalking order against Garcia that was dismissed by the court; and defendant Marquez filing a "falsified assault charge" against Garcia. Plaintiffs contended that all of the above actions were done with the intent of causing plaintiffs severe emotional distress and did cause plaintiffs severe emotional distress.

Defendants' motion for summary judgment on the IIED claim argued only that the "HOA Defendants," meaning the HOA and the board member defendants in their capacities as officers and directors of the HOA, were entitled to summary judgment in their favor, because the only conduct attributable to the HOA or its officers and directors the denial of water keys, was done in accordance with the valid 2013 bylaws, and that evidence was legally insufficient to support an IIED claim. Although defendants Marquez, James Vaughan, and Goritz joined and adopted that motion "in their individual capacit[ies]," they did not raise any separate argument that they were entitled to summary judgment as to the alleged non-HOA conduct as well. In other words, no defendant developed any legal argument that the individual defendants were not directly liable for IIED for their individual conduct. Further, no defendant raised a factual issue as to plaintiffs' IIED claims related to the individual defendants' conduct. As noted, the only argument was that withholding a water key, which was alleged to be the only conduct done by defendants in their HOA capacity, could not support an IIED claim. In opposing the motion, plaintiffs seemed to concede that the HOA defendants could not be liable for IIED, but argued that "summary judgment is absolutely inappropriate for [the individual defendants'] individual liability."

Despite defendants' limited summary judgment argument, the trial court concluded that, "[i]n the record before the court, plaintiffs have failed to allege any evidence that defendants' acts caused them severe mental or emotional distress." In addition, the court ruled that the denial of a water key "is not an extraordinary transgression of the bounds of socially tolerable conduct and does not exceed any reasonable limit of social toleration." Finally, the court concluded:

"Other allegations of socially intolerable conduct by individual defendants James Vaughan, Marquez, and Goritz are not supported by the facts in the record. For instance, there is no evidence in the record that any of the reports made by these individuals to the Klamath County Sheriff's Office were in fact falsely made. The most egregious act alleged—knocking Mr. Garcia's canes out from underneath him, is attributable to Mr. Gibbs, who is not a party to this case."

On those grounds, the trial court granted the motion.

On appeal, plaintiffs contend that the trial court erred in dismissing their IIED claim as to defendants James Vaughan, Goritz, and Marquez for their individual conduct. We agree.[6] Defendants' summary judgment motion only raised arguments pertaining to the HOA defendants—the HOA and its officers and directors in their *capacities as HOA representatives and officers*. It did not raise any argument for summary judgment as to the individual defendants. Plaintiffs only had a burden to produce evidence on the matters raised in defendants' motion—they were not required to create a record on their mental or emotional distress, and they were not required to create a record on the allegations against the individual defendants more generally. *See* ORCP 47 C. Under ORCP 47, a court is not empowered to grant summary judgment on an issue that is not raised by the moving party's motion. *Eklof v. Steward*, 360 Or 717, 730, 385 P3d 1074 (2016); *Two Two v. Fujitec America, Inc.*, 355 Or 319, 325-26, 325 P3d 707 (2014); *Woodroffe v. State of Oregon*, 292 Or App 21, 27, 422 P3d 381 (2018). Relatedly, we cannot affirm a grant of summary judgment on a ground not raised by the motion, because "the opposing party had no reason to adduce evidence on an issue that was not raised in the summary judgment motion." *Eklof*, 360 Or at 736. For those reasons, the trial court erred in dismissing plaintiffs' IIED claim as to the individual defendants.

Judgment on IIED claim as to defendants James Vaughan, Eric Goritz, and Sam Marquez in their individual capacities reversed and remanded; otherwise affirmed.

---

[6] Plaintiffs no longer pursue a claim against the HOA for IIED. We express no opinion on that claim.