748 February 14, 2024 No. 99

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

James A. CALLAWAY,
Trustee of the Lois J. Callaway Trust,
*Plaintiff-Appellant,*

*v.*

Michael OLSON,
Trustee of the Harold G. Olson Revocable Trust
and the Wynetta R. Olson Revocable Trust,
*Defendant-Respondent.*

Lane County Circuit Court
20CV24503; A177195

Charles D. Carlson, Judge.

Argued and submitted May 22, 2023.

Alexandra P. Hilsher argued the cause for appellant. Also on the briefs were Todd R. Johnston and Hershner Hunter, LLP.

Laura E. Coffin argued the cause for respondent. Also on the brief was Luvaas Cobb.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

This case is a dispute over a right of first refusal (ROFR). Plaintiff James Callaway, trustee of the Lois J. Callaway Trust (Callaway Trust), filed this action against defendant Michael Olson, trustee of the Harold G. Olson Revocable Trust and the Wynetta R. Olson Revocable Trust (Olson Trusts), asserting claims for breach of contract and declaratory relief. The trial court granted summary judgment for defendant on both claims for the same reasons: first, that the ROFR agreement violated the rule against perpetuities, and, second, that the ROFR was personal in nature and not assignable. Plaintiff appeals the resulting judgment, challenging the grant of summary judgment on the contract claim (first assignment of error) and the declaratory relief claim (second assignment of error), and making a combined argument as the legal issues are the same. For the following reasons, we agree with plaintiff that the trial court erred in granting summary judgment for the reasons that it did and, accordingly, reverse and remand.

*Facts.* In 1966, two couples, James and Lois Callaway (Callaways) and Wynetta and Harold Olson (Olsons), purchased a parcel of land in Junction City and divided it into two lots, with each couple owning one lot. The same four people then signed an agreement that stated in full:

> "In the event that either Party (Callaway or Olson) decide to sell their property, Parcel 1- Callaway 38.56 acres, or Parcel 2- Olson 30.86 acres. (See Weeden Survey October 24, 1966)

> "We the undersigned agree to grant the reciprocal party (or any surviving family member) the option to purchase their property for a mutually agreeable price, or purchase the property by matching any legitimate sales price. (First right of Refusal)."

Eventually, the Callaways put their property into trust, so the Callaway Trust is the current owner of the Callaway property. Meanwhile, the Olsons divided their property into four lots; transferred one lot to their son Michael and his wife; transferred one small lot to Lane County; and put the remaining two lots into trust, such that the Olson Trusts are the current owners of those two lots.

By 2020, Wynetta Olson was the only signatory to the ROFR agreement who was still alive. That year, defendant decided to sell a lot owned by the Olson Trusts. Plaintiff sought to exercise the ROFR, but defendant refused to sell to him.

*Standard of review.* We review a grant of summary judgment for errors of law and will affirm if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021). The record must be viewed in the light most favorable to the nonmoving party. ORCP 47 C; *Jennewein v. MCIMetro Access Transmission Services*, 308 Or App 396, 400, 481 P3d 939 (2021).

*Rule against perpetuities.* The common law rule against perpetuities[1] requires that an interest must vest, if at all, within twenty-one years of the death of a life in being when the interest was created. *Coomler v. Shell Oil Co.*, 108 Or App 233, 235 n 1, 814 P2d 184 (1991), *rev den*, 312 Or 589 (1992). The trial court concluded that the ROFR agreement violated that rule and was therefore void. We disagree. The condition precedent for exercising the ROFR is "that either Party (Callaway or Olson) decide to sell their property." That condition is unambiguously limited to the original signatories deciding to sell. The condition precedent excludes any reference to heirs, assigns, survivors, or anyone other than the original parties. The inclusion of "(or any surviving family member)" elsewhere shows that exclusion was intentional. *See Callaghan v. Scandling et al.*, 178 Or 449, 454, 167 P2d 119 (1946) (construing a contract in a manner that "gives effect to the difference in the language used in the two paragraphs of the contract"); *see also, e.g.*, *In re Sifferman's Estate*, 603 SW2d 30, 32 (Mo Ct App 1980) (concluding that, where an ROFR agreement used "heirs" language in one place and not another, it showed that the parties knew how to include such language when desired, so "heirs" would not be read into a place where it was not stated).[2]

---

[1] The trial court concluded that the statutory rule against perpetuities, ORS 105.950 to 105.975, did not apply because it went into effect after the ROFR agreement was executed. Neither party contests that conclusion.

[2] The trial court relied on *Maddox v. Keeler*, 296 Ky 440, 177 SW2d 568 (Ky Ct App 1944), for its persuasive value. That case is distinguishable, however, because

We therefore disagree that the ROFR agreement violated the rule against perpetuities. The trial court cited "the indefinite nature of the [ROFR], coupled with the possibility that the right may not (and actually did not) vest within the limits of time allowed by the rule against perpetuities." In fact, the latest that the ROFR could vest was immediately prior to the death of the last of the original signatories to the ROFR agreement, as that was the last point in time at which the condition precedent could be met. *See Tamura v. DeIuliis*, 203 Or 619, 626, 281 P2d 469 (1955) (recognizing that a right of first refusal may be exercised only after the condition precedent is satisfied); *Hawkins & Roberts v. Jerman*, 147 Or 657, 663-64, 35 P2d 248 (1934) (recognizing, in discussing remainders, that a contingent interest in real property vests upon the satisfaction of the condition precedent). The ROFR agreement does not violate the rule against perpetuities.[3]

*Alternative basis for summary judgment.* As an alternative basis for summary judgment, the trial court concluded that, even if the rule against perpetuities was not violated, defendant was entitled to summary judgment because the ROFR was "personal in nature and neither assignable nor inheritable." Again, we disagree.

In Oregon, most contract rights are assignable. *Weathers v. M. C. Lininger & Sons*, 68 Or App 30, 38, 682 P2d 770, *rev den*, 297 Or 492 (1984). An exception to that rule applies to contracts that are personal in nature. *Folquet v. Woodburn Schools*, 146 Or 339, 341-42, 29 P2d 554 (1934). Whether a contract is personal in nature is a matter of contract interpretation. *Id.* at 342-43. When the parties specify that a right is assignable, it usually follows that the right is not personal to the contracting parties. *See, e.g.*, *Weathers*, 68 Or App at 38 (concluding that a right of first refusal was

---

the court in that case *assumed, without deciding*, that the ROFR in dispute was inheritable by any heir of R. H. Hoskins, even though the ROFR itself referred only to R. H. Hoskins. *Id.* at 441. Such an approach made sense analytically, because R. H. Hoskins had died in 1903, and it was his daughter who sought, decades later, to exercise the ROFR. *Id.* at 440-41. No such assumption is warranted in this case.

[3] Given our reversal of the rule-against-perpetuities ruling on the merits, we do not address the parties' procedural arguments regarding the rule against perpetuities, including defendant's cross-assignment of error.

assignable where the contract specifically included the parties' "assigns").

In this case, the ROFR agreement provides that, if the condition precedent is met, "the reciprocal party (or any surviving family member)" has an ROFR. As relevant here, the only plausible interpretation of that language is that "any surviving family member" of James and Lois Callaway has an ROFR to purchase the Olson property, subject to the condition precedent. Defendant's proposed interpretation—that "any surviving family member" refers only to the surviving spouse in each couple, if one spouse predeceases the other—is implausible. The ROFR agreement refers to "*any* surviving *family member*" (emphases added), not "the surviving spouse" or even "the surviving family member." *See Cryo-Tech, Inc. v. JKC Bend, LLC*, 313 Or App 413, 423, 495 P3d 699 (2021), *rev den*, 369 Or 211 (2022) ("Whether a contract is ambiguous is a legal question. A contract provision is ambiguous if, when examined in the context of the contract as a whole and the circumstances of contract formation, it is capable of more than one plausible and reasonable construction." (Internal citation omitted.)).

The trial court therefore erred in concluding that the ROFR was personal to the contracting parties. Further, the right of a "surviving family member" to exercise the ROFR is provided by the ROFR agreement and therefore does not depend on assignment or inheritance. Finally, it was improper for the trial court to include in its summary judgment ruling that the ROFR was "not assignable to the trusts who plaintiff brings the claim for as personal representative," because defendant did not move for summary judgment on the basis that defendant exercised the ROFR on behalf of a trust, not as a surviving family member of the Callaways. "Under ORCP 47, a court is not empowered to grant summary judgment on an issue that is not raised by the moving party's motion." *Ricard v. Klamath Falls Forest Estates HOA*, 328 Or App 46, 56, 536 P3d 1013 (2023).[4]

---

[4] We also decline to address issues that were not raised as a basis for summary judgment and on which the trial court did not rule, but to which the parties allude on appeal, including issues relevant to whether the condition precedent for the ROFR was satisfied such that the ROFR was exercisable.

*Conclusion*. The trial court erred in granting summary judgment for the reasons that it did. The ROFR agreement does not violate the rule against perpetuities, nor was the ROFR personal to the contracting parties. Those were the only issues properly raised on summary judgment. Accordingly, the grant of summary judgment is reversed as to both claims, and the matter is remanded for further proceedings.

Reversed and remanded.